Wachtler, J.
In 1969 the plaintiff Shirley Baker, then 16 years old, was hit by an automobile and, as a result, lost her right leg and suffered internal injuries. At the time of the accident she was the beneficiary of public assistance and her *401 hospital expenses, totaling $10,579, were paid by the Department of Social Services of the City of New York (hereafter the Department). Plaintiff subsequently commenced an action for personal injuries and, in a verified bill of particulars, asserted a claim for hospital expenses as part of her special damages. The Department then served and filed a notice of lien in the plaintiff’s action purusant to section 104-b of the Social Services Law to recover the amount of the hospital expenses paid on her behalf.[1] Plaintiff moved to vacate the lien and the court, conceding that "there are conflicting decisions on this issue”, granted the motion. Thereafter the plaintiff settled her suit against the defendants for a lump sum of $175,000.
On appeal by the Department the Appellate Division reversed the order vacating the lien and remanded "for further proceedings, including a determination as to whether the settlement of the infant’s cause of action included reimbursement for the medical and hospital expenses incurred and, if appropriate, the reasonableness of the asserted lien based upon such assistance.” The Appellate Division also granted the Department’s motion for leave to appeal and certified the following question for our review: "Was the order of this Court, which reversed the order of the Supreme Court, properly made?”
The order of the Appellate Division should be affirmed and the certified question answered in the affirmative.
At common law the recipient of public assistance was not obliged to repay, and no action could be brought to recover sums expended for his care and maintenance (City of Albany v McNamara, 117 NY 168; see, also, Graham, Public Assistance: The Right to Receive; The Obligation to Repay, 43 NYU L Rev 451, 478). In 1901 the Legislature altered the common-law rule by enacting section 57 of the Poor Law (L 1901, ch 664), the first statute in this State empowering welfare agencies to recover amounts paid for public assistance. Section 104 of the Social Services Law, the current version of the original statute, provides in part: "1. A public welfare official may bring action or proceeding against a person discovered to have real or personal property, or against the estate or the executors, *402 administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received assistance and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such assistance or care.”
Subdivision 2 of this statute—originally enacted in 1936 (L 1936, ch 463)—imposes certain limitations on the agency’s right to recover from infants, public assistance paid on their behalf. Prior to 1974 subdivision 2 read as follows: "2. No right of action shall accrue against an infant by reason of the assistance or care granted to him unless at the time it was granted the infant was possessed of money and property in excess of his reasonable requirements as described in section one hundred one.”[2]
In 1964 the Legislature added a new section which empowered the agencies to establish a lien in personal injury actions when the injured party had received public assistance after the injury (L 1964, ch 382). Section 104-b of the Social Services Law states, in pertinent part: "1. If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official on and after the date when such injuries were incurred.” Once the notice and filing requirements are satisfied the lien attaches to the proceeds of any judgment or settlement, including a settlement obtained prior to commencement of the suit (Social Services Law, § 104-b, subd 3). This statute contains no exceptions or other special provisions relating to infants’ judgments or settlements.
The plaintiff urges that the two statutes must be read together. The limitation on recovery against infants’ funds should apply whenever the Department seeks reimbursement, whether by direct action or proceeding pursuant to section 104 *403 or by enforcement of the lien under section 104-b. Thus the Department may only recover "excess” funds, and since hospital expenditures are "necessaries” they may never be recovered from an infant. Followed to its logical conclusion then, an infant who obtains a judgment for the full amount demanded in a personal injury action would be entitled to retain not only the sums attributable to his personal loss, but also amounts intended to "reimburse” him for hospital expenses paid on his behalf by the Department.
The Department on the other hand urges that the two statutes create "independent and distinct actions” so that the restrictions imposed in one have no bearing on the other. Its right to enforce the lien is governed solely by section 104-b which contains no special rules exempting an infant’s judgment or settlement from the operation of the lien. The right is subject only to the general limitation that the lien shall not exceed the total amount of public assistance and care furnished on or after the date the injuries were incurred. Here the Department has complied with the requirements of the statute and it claims a lien against the plaintiffs settlement for the full amount of the hospital expenses. The statute says that the lien attaches to the "proceeds”, and that includes the general proceeds; not just the amount of the settlement which represents reimbursement for hospital expenses.
Thus according to the Department, if the lien is large and the settlement relatively small because of insurance policy limitations, an infant seriously and permanently injured may well recover nothing. The lien would consume all the proceeds even though the claim for hospital expenses actually represents a small portion of the final settlement. The Department concedes that this approach "may well work a hardship” in particular cases. However it urges that this should rarely occur because the agency can generally be expected to exercise restraint in such a case by agreeing to reduce its lien.
Initially we note that section 369 of the Social Services Law prohibits the Department from recovering for medical assistance "correctly paid” except against the estate of a recipient who was over 65, and then only under certain limited circumstances (Social Services Law, § 369, subd 1, par [b]). The statute also provides, in paragraph (a) of subdivision 1 that: "(a) no lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under this title, except *404 pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual”.
This statute went into effect on April 30, 1966. Several months later the Legislature amended subdivision 1 by adding the following caveat: "nothing contained in this subdivision shall be construed to alter or affect the right of a public welfare official to recover the cost of medical assistance provided to an injured person in accordance with the provisions of section one hundred four-a [now 104-b] of this chapter.”
The Federal Government has similar statutes generally prohibiting recovery for medical assistance from the property of a recipient (US Code, tit 42, § 1396a, subd [a], par [18]; Social Security Act, tit XIX, § 1902), but permitting recovery in tort cases when a third party is liable "to pay for care and services (available under the plan) arising out of the injury” (US Code, tit 42, § 1296, subd [a], par [25]). Apparently in section 369 of the Social Services Law the State has adopted the restrictions imposed by Federal law in order to qualify for Federal grants. Reading the general provisions together with the caveat it appears that although a recipient’s property is generally immune from recovery for medical assistance, a recipient’s cause of action for personal injuries is not the type of "property” which was intended to be protected by this particular statute or its Federal counterparts. Thus this section, which applies to infants and adults alike, does not preclude the Department from recovering medical payments from the proceeds of the plaintiff’s suit. The primary question then is whether section 104 of the Social Services Law imposes limitations on the agency’s right to recover medical expenses because of the plaintiff’s infancy.
As indicated, the Department argues that it does not because in its view, section 104-b creates a new right of recoupment independent of the infancy restriction found in section 104. We disagree.
Long before the lien statute was enacted the public welfare agencies, relying entirely on section 104 and its predecessors, had been able to recover from the proceeds of personal injury actions, amounts paid to persons who had received public assistance. This right was apparently universally accepted in practice, particularly where the agency had obtained an assignment not of the claim itself, but of the proceeds of the claim (NY Legis Ann, 1964, p 316). Thus there was no need *405 for new legislation to establish the Department’s right to recoup against the proceeds of a recipient’s personal injury action. That right had already been established within the framework of section 104.
What was needed, according to the agencies, was simply "more effective recovery proceedings” in the form of a lien so that "persons becoming in need of public assistance because of personal injuries received as a result of negligence of another [would not be] able to frustrate the attempts of public welfare officials to make recovery from the proceeds of a suit brought as a consequence of the personal injuries.” (Memorandum Accompanying Comments on Bills Before the Governor for Effective Action, New York State Department of Social Welfare, March 31, 1964.)
In short section 104-b is purely procedural. "It relates to the remedy rather than to the right” and the scope of the remedy is governed by the terms of the statute creating the right (Department of Welfare of City of N. Y. v Siebel, 6 NY2d 536, 545). Consequently, whether the agency seeks to recover directly in an action or proceeding, or indirectly by enforcing a lien in the recipient’s suit, its right to recover is subject to the limitations imposed by section 104.
This means that when the Department seeks recovery from an infant for public assistance he has received, no right will accrue, and no lien will attach unless the infant possessed money or property in excess -of his needs at the time the assistance was granted. The first question then is whether the infant possessed "property” at the time he became a recipient, and the second is whether the property, or any portion of it, can be considered excess funds.
If the infant’s property consists of a cause of action for personal injury (Mnich v American Radiator Co., 263 App Div 573, affd 289 NY 681), then the first requirement is met if the cause of action accrued prior to the time he became a recipient. And if he has obtained a judgment compensating him for the personal injuries and medical expense, actually paid by the Department, that portion of the award representing reimbursement for medical expenditures must be considered "excess property” under the statute.
An award for personal injuries simply compensates the infant for his loss by providing a fund to satisfy his anticipated needs occasioned by the injury. By definition this fund can never be considered "money or property in excess of his *406 reasonable requirements.” This is not true of course of the medical expenses which have been paid by another. This expenditure involved no loss to the infant. And although medical expenses are a necessary item (Social Services Law, § 363) once the expenses have been paid by the Department, there is no "need” for the infant to retain the amount received in reimbursement. In our view the Legislature never intended that the infant retain this money free of lien or recovery by the Department and therefore this portion of the award must be considered "excess” funds within the meaning of the statute.
The same rules apply to the settlement of an infant’s claim. That portion of the settlement which represents a compromise of the claim for medical expenses is subject to lien and recovery by the Department. That portion representing a compromise of the infant’s claim for personal injury is beyond the Department’s reach. Since the record in this case does not indicate whether the settlement of the claim included reimbursement for medical and hospital expenses, the Appellate Division properly remanded to the trial court with directions to make the determination. And since the court is required to determine "the propriety and reasonableness of the proposed settlement of an infant’s claim” (Vladimer v Mount Vernon Hebrew Camps, 9 NY2d 21, 24; CPLR 1208), the Appellate Division properly instructed the trial court to review "if appropriate, the reasonableness of the asserted lien based upon such [medical] assistance.”
Finally we note that the question posed by this case, although a common one, has not lead to a common solution. It has bred conflicting views in the lower courts and indeed in this court as well. The problem is that the Legislature throughout the century has haphazardly enacted a series of statutes, couched in general terms, which were intended to carry out shifting or evolving concepts of social need. Older statutes based on policies dimly stated, unstated or later greatly modified, perhaps even abandoned, have been re-enacted and left to stand beside more recent enactments based on new, and apparently conflicting notions of social justice, some in fact imported from Federal law. Courts seeking a precise solution to a particular problem have been utterly frustrated in their efforts to discover an integrated or workable statutory scheme or a paramount legislative concern which would provide consistent guidance through the maze.
*407 Under such a statutory arrangement we recognize that any judicial solution must necessarily present certain difficulties and lead to divergent views. However if left to the courts, the difficulties must be resolved by the judicial process on a case-by-case basis within the guidelines we have established. The entire matter, far more appropriate for comprehensive legislative treatment, would indicate an appropriate area of concern of the Law Revision Commission.
The order appealed from should be affirmed.

Griffin v Cox

Memorandum. The order of the Appellate Division should be modified by remitting the case to Special Term to determine whether the settlement of the infant’s cause of action included reimbursement for medical and hospital expenses incurred and, if appropriate, the reasonableness of the asserted lien. (See Baker v Sterling, 39 NY2d 397, decided herewith.)

Marsh v La Marco

Memorandum. The order of the Appellate Division should be affirmed. Since reimbursement for medical expenses was not included in the settlement of the infant’s claim, the Department’s lien was properly vacated. (See Baker v Sterling, 39 NY2d 397, decided herewith.)

. This notice of lien claims $38,000 for "public assistance and care furnished since the occurrence of said injuries to such recipient”. In its brief to this court the Department states: "In this appeal, the extent of the statutory lien is limited to the expenses incurred during the period of hospitalization”, i.e., $10,579.49. Accordingly, our decision is limited to the claim asserted for hospital expenses.

. When the age of majority was changed to 18 years, the statute was amended so that it would continue to include persons under 21 years of age (L 1974, ch 909, § 4-a, eff Sept. 1, 1974). For convenience throughout this opinion all such persons will be referred to as infants.