OPINION OF THE COURT
Irving A. Green, S.
This proceeding is brought by the Sullivan County Department of Social Services (hereinafter referred to as the "petitioner”) to recover public assistance granted to Michael Warnock, an infant, born January 29, 1968, during the period between October, 1975 and August, 1976, in the sum of $1,828.64. The assistance was provided pursuant to the Department of Social Services program of grants of aid to dependent children (hereinafter referred to as "ADC”). Recovery of such aid is sought from a savings account maintained in the Warwick Savings Bank located in Orange County, since 1970, pursuant to the order of this court authorizing the establishment of such account for the benefit of the infant, withdrawals being subject to the order of this court. (SCPA 1808, subd 1.) The source of the funds on deposit in such account was the proceeds of a life insurance policy, in the amount of $10,000, upon the life of the infant’s maternal grandfather. This account was in existence on October 14, 1975, the date application was made to the petitioner for ADC assistance for the infant. The existence of such account was fully disclosed to the petitioner at the time such application was made.
The petitioner, with such full knowledge, approved an ADC grant for the infant and commenced disbursements of aid until November, 1975, when petitioner advised it intended to discontinue such aid due to the existence of the infant’s savings account. This decision was appealed and, after a "fair hearing” being held by the department, it was determined: (1) that assistance to the infant be continued in accordance with his verified degree of need, and (2) that the department may require the infant’s guardian to take the necessary legal action required to invade the corpus of the bank account "in order to recover the amount of assistance provided and arrange for the future needs of infant”, and (3) if the infant’s *399 guardian "fails or refuses to pursue a potential resource, the agency may then discontinue assistance pursuant to Section 352.23 of the Regulations [18 NYCRR 352.23].”
Upon the failure of the infant’s guardian to take the necessary legal action required to invade the infant’s bank account for the purposes directed by the aforesaid fair hearing decision, and after a second fair hearing upon such issue, the department issued a decision and order affirming the agency and terminating the ADC grant for the benefit of the infant. The basis for the decision of the department is stated, in its written opinion, to be: "Section 352.23 of the Regulations [18 NYCRR 352.23] provides that a recipient of public assistance shall utilize all available resources to include or eliminate the need for public assistance. In this case, the record establishes that although appellant had ample opportunity to make a potentially available resource available to her grandchild, she refused to do so. Accordingly, the agency’s determination to reduce her grant to delete the needs of the grandchild was proper.”
This application was commenced in this court with the filing of an "affidavit” made by the petitioner’s chief welfare examiner. In form, it does not meet the requirements of SCPA 303, 304. Respondent’s opposing papers, likewise, do not consist of a responsive pleading in accordance with the formal statutory requirements but, instead, consist of a notice of motion with annexed affidavit to dismiss the "petition” for its failure to state a claim upon which relief may be granted and that the petitioner lacks standing to sue. There is also submitted upon this application a stipulation of facts agreed upon by all parties.
Since this matter involves the interest and welfare of an infant, to whom this court stands in loco parentis, a determination upon the merits of the substantive issues posed upon this application will best serve the interests of justice as well as that of the parties involved.
The subject of the right of social service departments to recover for public assistance rendered to needy recipients has been discussed and reviewed in numerous decisions of our various courts, including the Court of Appeal which so recently (April, 1976) in Baker v Sterling (39 NY2d 397) reiterated the broad but clearly discernible guidelines for the determination of such issues. In this case, the essential and governing fact is that we are dealing with an infant and we are *400 solely concerned with the rights, if any, of the petitioner to recover assistance rendered to such a recipient of its ADC grant. The controlling statute, subdivision 2 of section 104 of the Social Services Law reads as follows: "No right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition.” (Emphasis supplied.)
A reading of this clear legislative language makes immediately apparent that the mere possession by an infant of money or property can form no basis for recovery by petitioner of its grants in aid to the infant. The Legislature has made, as an essential element of the right of recovery, the infant’s possessory interest in money or property in excess of his reasonable requirements. In discussing this statutory provision, my learned colleague, Surrogate Sobel, in Matter of Colon (83 Misc 2d 344, 353), noted: "This is odd language couched in Statute of Limitation terms. But as construed by the courts, its plain meaning has always been that there may never be a recovery under section 104 from a living infant or his estate for assistance and care given to him during infancy. A 'right of action shall accrue’ however if the infant had funds 'in excess of his reasoanble requirements,’ a provision which may be disregarded since it has never been an issue in the decisions.”
So, in this case, no issue whatever is presented or established by the papers upon this application, including the stipulation as to the facts, concerning the question of this infant’s possessory interest in funds "in excess of his reasonable requirements”. Consequently, the petitioner, upon this application, has failed to sustain its burden of proof on this quintessential issue on which its present application is conditioned by the Legislature. This view is reinforced by the discussion of the court, in Baker v Sterling (39 NY2d 397, 405, supra) of section 104 of the Social Services Law, with relation to an infant’s recovery in a personal injury action: "This means that when the Department seeks recovery from an infant for public assistance he has received, no right will accrue, and no lien will attach unless the infant possessed *401 money or property in excess of his needs at the time the assistance was granted. The first question then is whether the infant possessed 'property’ at the time he became a recipient, and the second is whether the property, or any portion of it, can be considered excess funds.”
In his concurring opinion in Marsh v La Marco (39 NY2d 407, 408-409), Judge Fuchsberg points out that under the Aid to Families with Dependent Children (AFDC) program, its regulatory provisions authorize aid to dependent children if in the judgment of the administrative agency:
" '1. the granting of an allowance will be in the interest of of such child, and
" '2. the parent or other relative is a fit person to bring up such child so that his physical, mental and moral well-being will be safeguarded, and
" '3. disregarding so much of the earned income or other income of the child as may be permitted to be set aside for his future identiñable needs by regulations of the department’ ”.
Thus, broad discretion is vested in the department to extend aid to needy dependent children under appropriate circumstances in instances where the child may have independent income.
In this case, the modest bank account of the infant is neither claimed to be "in excess of his reasonable requirements” by the petitioner, nor is there any proof in the stipulation of facts, or the papers submitted upon this application to establish or tend to establish any such claim. In the view of this court, in the perspective of present economic factors, future education costs, maintenance and medical care and other contingencies, the modest resources of the infant represented by the subject bank account cannot be found to be money or property in excess of the infant’s reasonable requirements.
The court notes in passing, that, in any event, the right of an infant to receive public assistance is not affected by its guardian’s lack of required co-operation with the department. (Matter of Palermo v Toia, 56 AD2d 889.)
The proceeding is dismissed.