OPINION OF THE COURT
WlLMER J. PATLOW, J.
Petitioner is the mortgagor of a bond and mortgage given to respondent, Department of Social Services (hereinafter Department). The mortgage was dated December 15, 1977, and recorded in the Monroe County Clerk’s office on December 22, 1977. In 1973 petitioner and her husband became owners of the premises covered by the mortgage.
At the time the mortgage was executed, petitioner was an applicant for assistance from the Department. As a condition of obtaining that assistance, the bond and mortgage were required.
Subsequently, petitioner and her husband executed a deed to the premises in preparation for conveyance to a bona fide *784 purchaser. This deed was also recorded on December 22, 1977. However, the existence of petitioner’s bond and mortgage to the Department, which was recorded only three hours earlier, was not discovered.
Some years past, in 1970, 1971 and 1972, petitioner, then unmarried, and her infant son, were recipients of $2,959 in nonmedical welfare benefits. During those years, petitioner was under 21 years of age.
On May 26, 1978, after discovery of the pre-existing mortgage, petitioner, through her attorney, tendered a discharge of the mortgage to the Department on the theory that there was nothing due under the mortgage since all of the benefits granted petitioner and her infant son were nonrecoverable because of petitioner’s infancy at the time the benefits were received.
Respondent refused to discharge the mortgage. Taking the position that its mortgage could in no way be defeated, impaired or diminished by petitioner’s infancy claim, respondent seeks the entire $2,959 in repayment.
Petitioner then moved pursuant to section 1921 of the Real Property Actions and Proceedings Law to compel discharge of the mortgage.
Following a hearing on the motion held at Special Term on December 26, 1978, this court ruled in favor of respondent. An order was entered on January 18, 1979 denying the petition.
Petitioner now moves to reargue, pursuant to CPLR 2221, on the basis of the Court of Appeals decision Baker v Sterling (39 NY2d 397) which was not before this court at the earlier hearing.
Petitioner’s infancy argument is based upon subdivision 2 of section 104 of the Social Services Law, which reads as follows:
"§ 104. Recovery from a person discovered to have property.
* * *
"2. No right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition.”
Respondent contends that its mortgage was obtained pursu *785 ant to section 360 of the Social Services Law, and that no infancy restrictions are contained in that section.
This court predicated its earlier ruling in favor of respondent on the fact that section 104 of the Social Services Law is regarded as a "recovery” statute, and that "the thrust of section 104 is against 'windfalls’ in the nature of personal injury recoveries and inheritances. In such instances, our courts have consistently denied recovery to the Departments from living infants” (Matter of Colon, 83 Misc 2d 344, 353).
Since this court did not consider redemption of a mortgage a "windfall”, as contemplated by the "recovery” statute, it did not find the infancy restriction contained within that statute applicable.
Although subdivision 2 of section 104 of the Social Services Law has been in existence since 1936, its relationship, if any, to the mortgage section of that statute apparently has never been judicially determined. However, petitioner argues that the case of Baker v Sterling (39 NY2d 397, supra) supports her position that the infancy defense is applicable to the mortgage at bar. In that case, the Court of Appeals was called upon to determine the relationship between subdivision 2 of section 104 of the Social Services Law, the infancy exemption set forth above, and section 104-b of the Social Services Law which permits departments to assert a lien on the proceeds of a personal injury action brought by a recipient of public assistance.
It should be noted that section 104-b was added to the Social Services Law in 1964 for the sole purpose of facilitating recovery by a department where liability to repay the department existed under section 104 (Matter of Colon, supra, p 354).
The Court of Appeals ruled in Baker v Sterling (supra) that section 104-b of the Social Services Law is purely a procedural vehicle to facilitate recovery. It creates no new right of recoupment independent of the infancy restriction. Therefore, a department’s lien on the proceeds of an infant’s personal injury action is subject to that restriction.
This court finds nothing in the Baker v Sterling (supra) holding that would allow it to extend the infancy restriction to mortgages. That holding was determined entirely within the confines of the "recovery” statute. Mortgages were neither contemplated nor discussed.
*786 Finally, in passing, the court would point out that if petitioner’s request to engraft the infancy restriction upon the mortgage section were allowed, it would inevitably lead to importing the other restriction of the "recovery” statute as well. That restriction, subdivision 1 of section 104 of the Social Services Law, places a 10-year limitation on the Department’s period of recovery. Clearly, either or both results would substantially erode the mortgage powers granted to the Department by the Legislature.
Based upon the foregoing, the court Will confirm its prior order of January 18, 1979 in all respects.