■ PATRICIA WITT, as Mother and Natural Guardian of SHEILA WITT, an Infant, et al., Plaintiffs, v TRIANGLE STEEL PRODUCTS CORP. et al., Defendants; NEW YORK CITY HOUSING AUTHORITY, Respondent, and CITY OF NEW YORK DEPARTMENT OF SOCIAL SERVICES, Appellant. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Nonparty Respondent. (And Two Other Actions.) — In an action to recover damages for personal injuries, etc., the New York City Department of Social Services appeals from an order of the Supreme Court, Richmond County (Hurowitz, J.), dated December 15, 1983, which (1) denied its motion to discover and inspect documents relating to the negotiation and settlement of this action (and specifically to the components of the settlement) in the possession of nonparty Hartford Accident and Indemnity Company (Hartford), the primary insurance carrier for the New York City Housing Authority, and (2) granted Hartford's and the New York City Housing Authority's cross motions for protective orders. ¶ Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith. ¶ The New York City Department of Social Services (department), which was not involved with the settlement negotiations or compromise proceedings in this case, has demonstrated that it needs the requested materials in order to adequately prepare for the hearing which is to be held to determine what portion, if any, of the settlement of the infant's claim represents a compromise of the claim for medical expenses which the department has paid. The department is entitled to recover those payments pursuant to subdivision 2 of section 104 and section 104-b of the Social Services Law (see *Baker v Sterling,* 39 NY2d 397; see, also, *Simmons v Aiken,* 100 AD2d 769). This showing suffices as "special circumstances" warranting discovery from a nonparty under CPLR 3101 (subd [a], par [4]); (see *Kelly v Shafiroff,* 80 AD2d 601). Further, the burden of demonstrating that particular materials are exempt from disclosure is on the party opposing discovery (*Koump v Smith,* 25 NY2d 287). Hartford's and the New York City Housing Authority's conclusory assertions that all of the materials sought are attorney's work product or privileged communications are not enough to meet this burden. The court should conduct an *in camera* inspection of Hartford's file to determine which materials are not subject to disclosure. Finally, we note that our review of the record reveals that, contrary to the department's assertions, no application was made to obtain discovery of the Jefferson Insurance Company's files. Bracken, J. P., Weinstein, Brown and Niehoff, JJ., concur.