■ NELSON PANG, an Infant, by His Mother and Natural Guardian, JULIA PANG, Respondent, v MAIMONIDES MEDICAL CENTER-MAIMONIDES HOSPITAL et al., Respondents, et al., Defendant. DEPARTMENT OF SOCIAL SERVICES, Intervenor-Appellant.—In a medical malpractice action, the New York City Department of Social Services (hereinafter the department)

appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated August 12, 1985, as, after a hearing, vacated the department's lien upon the proceeds of the infant plaintiff's settlement with the defendants.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The record reveals that, consistent with our prior decision in this case (105 AD2d 775), a hearing was held by the trial court to determine whether and to what extent a portion of the settlement proceeds should be allocated to the department for reimbursement for the past medical expenses which it incurred on behalf of the infant plaintiff. The hearing evidence indicates that no claim to recover for these expenses was asserted by the plaintiff and none of the parties to the settlement intended to compensate the plaintiff for these costs. Moreover, the plaintiff demonstrated that there was no scheme by the parties to frustrate the lien asserted by the department for its expenditures and that the settlement was not consciously structured in such a manner as to deprive the department of reimbursement.

Under these circumstances, the trial court properly vacated the department's lien (see, Social Services Law § 104 [2]; *Baker v Sterling*, 39 NY2d 397). Indeed, the evidence establishes that the entire amount of the settlement proceeds was intended to compensate the infant plaintiff for the catastrophic personal injuries which he suffered and for the costs of the continuing medical care which he requires as a result of those injuries. Hence, the trial court accurately found that no portion of the settlement was "in excess of [the infant's] reasonable requirements" (Social Services Law § 104 [2]) and that the department was not entitled to reimbursement in this case.

Furthermore, we decline to accept the department's suggestion that a rigid, mechanical method of calculation be applied to cases of this nature in order to automatically guarantee at least the partial reimbursement for its medical expenses regardless of the surrounding circumstances. The adoption of such a rule might well deprive injured infants of much needed funds and thereby violate Social Services Law § 104 (2) as that provision has been interpreted by the plurality opinion in *Baker v Sterling (supra)*. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.