■ Douglas E. Thurston, Respondent, v Richard N. Durose, as Commissioner of Oneida County Department of Social Services, et al., Appellants.—Judgment unanimously affirmed. Memorandum: Petitioner commenced an action seeking damages for personal injuries he sustained on April 3, 1983, when he was under the age of 21. Petitioner's claim was settled in 1988 for $65,000. The Department of Social Services placed a lien against the settlement proceeds, seeking to recoup sums of money expended on petitioner's behalf for public assistance and for medical expenses. Petitioner commenced this proceeding to vacate the lien, to the extent that it exceeded his medical expenses, on the ground that an infant's personal injury claim is not subject to a social services lien. The court vacated the lien and we affirm.

Pursuant to Social Services Law § 104-b, a social services department may place a lien upon a recipient's personal injury claim to recoup public assistance paid to him. However, the power to place such a lien on an infant's claim is limited by Social Services Law § 104 (2). The portion of the settlement of an infant's claim that represents damages for personal injuries is not subject to a social services lien *(see, Baker v Sterling,* 39 NY2d 397, 406). Therefore, in the present case, although the Department of Social Services may have a claim for reimbursement against petitioner for public assistance payments made to him after he reached majority *(see,* Social Services Law § 104 [1]), it may not utilize the lien procedure outlined in Social Services Law § 104-b. (Appeal from judgment of Supreme Court, Oneida County, Parker, J.—vacate

lien.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.