OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 In this case, we consider whether the appellant, the Oneida County Department of Social Services, can recover public assistance payments made to respondent Douglas Thurston after he reached the age of 21. Because we conclude that the Department can bring a direct action against the respondent
 
 (see,
 
 Social Services Law § 104) and, therefore, may place a lien against the proceeds of his personal injury settlement
 
 (see,
 
 Social Services Law § 104-b), even though he was a minor at the time his injuries were sustained, the order of the Appellate Division should be reversed insofar as appealed from, and the lien reinstated.
 

 
 *685
 
 In 1984, respondent commenced an action against the City of Utica, five of its police officers and its chief of police, seeking damages under 42 USC §§ 1981, 1983, and 1988 for injuries he had sustained a year earlier when he was still under the age of 21. In his complaint filed in the United States District Court for the Northern District of New York, respondent claimed that the officers attacked him, wrongfully detained him, delayed medical treatment, and charged him with assorted violations of New York’s Penal Law without cause. He settled his claim in 1988, after having reached his 21st birthday, for $65,000. Thereafter, the Department placed a lien against respondent’s settlement proceeds pursuant to Social Services Law § 104-b. This section permits a public welfare official to attach the personal injury recovery of a public assistance recipient in order to recoup benefits paid on and after the date the injuries were sustained.
 

 Respondent commenced an article 78 proceeding to annul the determination of the Department and to vacate the lien it had placed against his personal injury proceeds. His claim was that inasmuch as the action against the city arose prior to his reaching his majority, the lien could not properly attach. Respondent, however, did not challenge the Department’s ability to recover medical expenses that the Department had incurred on respondent’s behalf. Supreme Court ordered the respondent to reimburse the Department for the portion of his recovery that represented his medical and hospital expenses, but disallowed the remainder of the lien. The Appellate Division affirmed, holding that the portion of the settlement that represented damages for respondent’s personal injuries was not subject to the lien. The Appellate Division stated that while the Department may have a claim for public assistance payments made after the respondent reached his majority, it could not seek recovery by placing a lien against the settlement proceeds.
 

 We disagree. We have already examined the provisions of the Social Services Law that permit public welfare officials to seek recovery of public assistance benefits
 
 (Baker v Sterling,
 
 39 NY2d 397). Section 104 (1) allows officials to bring an action or proceeding against a recipient of public assistance who is "discovered to have real or personal property * * * [and who] received assistance and care during the preceding ten years.” The official is "entitled to recover up to the value of such property the cost of such assistance or care”
 
 (id.)
 

 
 *686
 
 The official’s ability to proceed under section 104 (1) is limited by the express language of section 104 (2) when the recipient of public assistance is a minor. Subdivision (2) of section 104 provides that "[n]o right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition.”
 

 In
 
 Baker,
 
 we held that the lien statute, section 104-b, was similarly subject to the limitations contained in section 104 (1) and section 104 (2) (39 NY2d, at 405). "[Section 104-b is purely procedural. 'It relates to the remedy rather than to the right’ and the scope of the remedy is governed by the terms of the statute creating the right”
 
 (id.,
 
 quoting
 
 Department of Welfare v Siebel,
 
 6 NY2d 536, 545). We thus concluded in
 
 Baker
 
 that "whether the agency seeks to recover directly in an action or proceeding, or indirectly by enforcing a lien in the recipient’s suit, its right to recover is subject to the limitations imposed by section 104”
 
 (id.).
 
 As a result, under the facts of that case, we held that when the New York City Department of Social Services sought to place a lien on an infant’s personal injury recovery, the lien would not attach "unless the infant possessed money or property in excess of his needs at the time the assistance was granted,” as required by section 104 (2)
 
 (id.).
 

 In
 
 Baker,
 
 we noted that "[a]n award for personal injuries * * * compensates the infant for his loss by providing a fund to satisfy his anticipated needs occasioned by the injury. By definition this fund can never be considered 'money or property in excess of his reasonable requirements.’ ” (39 NY2d, at 405-406.) Respondent argues that this language insulates his personal injury settlement from either a lien or a direct action because the injury giving rise to the personal injury action occurred when respondent was a minor and because the settlement proceeds by their nature can never be considered "in excess of his reasonable requirements.” We disagree. Whether the Recovery here was in excess of this respondent’s reasonable requirements would only be relevant if respondent were a minor and the Department’s ability to recover expenditures made on the respondent’s behalf was consequently limited by section 104 (2). Because the Department seeks to recover payments made only after the respondent had reached
 
 *687
 
 his majority, however, the Department’s ability to recover is limited solely by section 104 (1) and not by section 104 (2). As an adult, the respondent had received public assistance payments during the preceding 10 years and was discovered to have personal property, i.e., a cause of action that eventually led to a substantial recovery. Since the requirements of section 104 (1) were satisfied in this case, the Department’s ability to assert a lien pursuant to section 104-b was triggered and it was entitled to recover those payments made when the respondent was an adult through the use of the lien.
 

 The mere fact that respondent’s injury was sustained while he was still a minor does not insulate the proceeds of his personal injury settlement from attachment. The Department should not be barred from seeking recovery for four years of public assistance simply by virtue of the fact that a settlement reached when respondent was 25 had its origins in an incident that occurred when the respondent was still a minor. Respondent was an adult when the public assistance payments at issue were made and we believe that this alone is determinative. The language of section 104 (2) is applicable only when the recipient is a minor and thus bars neither a direct action nor a lien under these facts. Our holding in
 
 Baker
 
 does not compel a contrary conclusion.
 

 Although we agree with the Appellate Division that the Department has a claim for payments made after respondent reached his majority, we do not believe that the Department is barred from attaching a portion of respondent’s settlement proceeds pursuant to section 104-b and that it can only bring a direct action under section 104. Our statement in
 
 Baker
 
 that a personal injury award cannot by nature be considered "in excess of [a recipient’s] reasonable requirements” does not in any way dictate the result reached by the Appellate Division in this case. Because the respondent was an adult when the public assistance in question was granted, subdivision (2) is not triggered. As a result, the Department was free to proceed under either section in order to recover those payments made to the respondent after he reached his majority. Thus, the Department’s lien on the respondent’s personal injury settlement should be reinstated to the extent that the lien corresponds to public assistance that was granted to the respondent after he reached his 21st birthday.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and respon
 
 *688
 
 dent’s application to vacate appellant’s lien against the proceeds of respondent’s settlement of his personal injury action, to the extent the lien was for public assistance granted after respondent attained the age of majority, denied.
 

 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order, insofar as appealed from, reversed, etc.