OPINION OF THE COURT
John A. Monteleone, J.
In a decision dated June 10, 1992, the court ordered a hearing pursuant to Baker v Sterling (39 NY2d 397) for the purpose of determining (1) whether or not the settlement included reimbursement of past medical expenses for the benefit of the infant, Elisheva Applegrad, and (2) if the settlement so provided, whether or not the infant possessed funds in excess of her reasonable needs. The hearing commenced on October 5, 1992 and was continued and concluded on December 15, 1992.
The underlying medical malpractice action was settled on March 10, 1992 before this court for a total sum of $3,000,000, payable as follows: $1,000,000 from the defendant Dr. Schwartz and $2,000,000 from the defendant Maimonides Medical Center. Nevertheless, the stipulation provided that the defendant Maimonides would indemnify the plaintiff for any part of the lien asserted by the intervenor, the New York City Department of Social Services (hereinafter NYCDSS) for Medicaid assistance provided on behalf of the infant, which this court found payable pursuant to Social Services Law § 104 (2).
It is beyond question that the now 13-year-old infant, Elisheva Applegrad, suffered severe, debilitating and catastrophic injuries at birth. Dr. Walter Molofsky, a pediatric neurologist, testified that he examined the infant on March 8, 1992 at the facility in which she currently resides, the Mishkon Residential Center in Boro Park. Dr. Molofsky testified that Elisheva suffers from static encephalopathy or mental retardation and that she will need complete assistance throughout her life for all the activities of daily living. In Dr. Molofsky’s opinion, the infant has a life expectancy of approximately 50 years, i.e., 37 years from the present time. Accordingly, the medical evidence clearly supports a finding that the infant, Elisheva Applegrad, will require extensive health-related services for the remainder of her life.
It is the position of the NYCDSS that despite the medical *811 needs of the infant, the defendant Maimonides should be required to pay the entire amount of the lien, approximately $475,000, inasmuch as it agreed, as part of the settlement, to reimburse the plaintiff for any part of the lien which this court found due and payable. In this regard, the NYCDSS argues that the intent of Social Services Law § 104 (2) will not be subverted since the infant will not be deprived of any funds for her pain and suffering and future medical expenses. Alternatively, the NYCDSS contends that the net settlement funds provide the infant with an excess over her future life expectancy, after computing reasonable medical and other expenses related to her condition.
Initially, the court must determine whether or not the parties to the settlement contemplated reimbursement of past medical expenses furnished on behalf of the infant, Elisheva Applegrad. Fred Queller, plaintiff’s counsel, testified that he did not seek reimbursement of past medical expenses in seeking compromise of the instant action. Mr. Queller further testified that, in his professional opinion, the $3,000,000 settlement represented compensation for the infant’s cause of action for both past and future pain and suffering and loss of enjoyment of life.
The court finds Fred Queller’s testimony credible and that the parties did not include reimbursement for past medical expenses furnished to or on behalf of the infant, Elisheva Applegrad, in arriving at the settlement. In support of this finding, the court notes that the plaintiff’s cause of action seeking reimbursement of past medical expenses was dismissed in an order of Justice Scholnick dated March 8, 1990. Thus, there is no basis upon which the court may order payment of the lien (see, Baker v Sterling, supra, 39 NY2d, at 405).
Nevertheless, the court will also address the issue as to whether or not any portion of the settlement was in excess of the infant’s needs (see, Social Services Law § 104 [2]). Each party called an economist to testify concerning the future income and expenses surrounding the settlement funds. Dr. Morris testified on behalf of the NYCDSS that he computed the infant’s medical expenses for the remainder of her life expectancy using a 3% inflation rate. In arriving at the total sum for medical expenses, he used the 1992 annualized cost of care at the Mishkon Residential Facility, $83,846. Dr. Morris computed that after 37 years, taking into account the income *812 generated by the settlement fund, there would be an excess of approximately $256,000.
The defendant Maimonides’ expert economist, Dr. Lambrinos, testified that the total medical expenses over the infant’s life expectancy would significantly outpace the settlement funds. Dr. Lambrinos based his projections on both a Medicaid inflation rate of 4.36% and a medical consumer price index of 6.81% together with the 1991 annualized cost of care for the infant of $81,202. Dr. Lambrinos testified that the future medical expenses would exceed future income by several million dollars using either inflation rate.
The court finds that the projections offered by Dr. Lambrinos best reflect an appropriate inflation rate for future medical expenses. In this regard, the rates employed by Dr. Lambrinos are more indicative of the increase in medical and health care related expenses during the previous decade; as opposed to the forecasts made by Dr. Morris which were predicated on the over-all consumer price index. Furthermore, the court cannot speculate that the current hue and cry for health care reform will result in lower inflation for health care expenses. Accordingly, the court finds that there is no excess from the settlement funds available over and above the reasonable requirements for the infant’s future medical needs.
Finally, the court rejects the argument of the NYCDSS that the defendant Maimonides must reimburse it for the entire amount of the lien. The agreement entered into between counsel for the plaintiff and the defendant Maimonides required indemnification by Maimonides if this court found any part of the instant lien subject to reimbursement under Social Services Law § 104 (2). The court finds that the parties to the settlement did not intend to deprive the NYCDSS of reimbursement (see, Pang v Maimonides Med. Ctr., 127 AD2d 641, 642). Moreover, if the parties had agreed to a settlement of $3,475,000, to wit, $3,000,000 plus the amount of the lien, the infant would have received less than she did under the instant scenario inasmuch as counsel is entitled to a contingent recovery based on the entire settlement. Thus, structuring the settlement in the manner employed at bar resulted in a benefit to the infant and did not improperly impede the rights of the NYCDSS to enforce its lien.
In conclusion, the court finds that the settlement of the underlying action did not (1) reimburse the plaintiff for past medical expenses furnished to or on behalf of the infant, *813 Elisheva Applegrad, and (2) provide for any excess funds over the reasonable requirements of the infant, Elisheva Apple-grad. Thus, the court must vacate the lien asserted by the NYCDSS (see, Social Services Law § 104 [2]; Baker v Sterling, supra; Pang v Maimonides Med. Ctr., supra).