■ JACOB APPLEGRAD, Individually and as Father and Natural Guardian of ELISHEVA APPLEGRAD, an Infant, Plaintiff, v MAIMONIDES MEDICAL CENTER et al., Respondents, and NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Appellant. [624 NYS2d 904] —In a medical malpractice action, the New York City Department of Social Services appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated January 15, 1993, which, after a hearing, vacated its lien upon the proceeds of the infant plaintiff's settlement with the defendants.

Ordered that the order is affirmed, with costs to the defendant-respondent Maimonides Medical Center.

This Court will not disturb a trial court's findings and determinations unless they are against the weight of the

evidence or contrary to law *(see, Schock v State of New York,* 168 AD2d 491). In the case at bar the record demonstrates that the Supreme Court's determination was clearly based upon factual conclusions arrived at by weighing the evidence presented by both parties. Moreover, "[a] trial court's resolution of * * * credibility is particularly within its domain and should not be disturbed on appeal if supported by the record" *(Vizzari v State of New York,* 184 AD2d 564). Here, the court credited the testimony of the witnesses for the plaintiff and the defendant Maimonides Medical Center concerning the issues of the settlement and the reasonable need requirements of the infant plaintiff.

Accordingly, the trial court correctly concluded that the lien of the New York City Department of Social Services must be vacated because the settlement of the infant's claim was based on her personal injuries only and did not include any amount for hospital or medical expenses. Further the settlement was not in excess of the reasonable anticipated needs occasioned by her injuries *(see, Baker v Sterling,* 39 NY2d 397). Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.