■ In the Matter of JAMES T. TOWNE, as Guardian of ARNOLD O., Respondent-Appellant, v COUNTY OF SARATOGA et al.,

Appellants-Respondents. [680 NYS2d 129] —Carpinello, J. (1) Cross appeals from an order of the Supreme Court (Teresi, J.), entered May 2, 1997 in Albany County, which, *inter alia*, granted petitioner's application pursuant to EPTL 7-1.12 to establish a supplemental needs trust on behalf of Arnold O., and (2) appeal from an order of said court, entered August 18, 1997 in Albany County, which, upon review of additional documentation requested by the court, adhered to its prior decision.

On September 9, 1986, while a resident at Capital District Psychiatric Center in the City of Albany, Arnold O. fell through a second-story plate glass window and fractured his spine, rendering him a paraplegic. A claim against the State was thereafter filed on his behalf alleging negligent design of the building. Certain of Arnold O.'s medical and hospital costs were paid by Medicaid and, in February 1988, respondent County of Saratoga Department of Social Services (hereinafter DSS) filed a lien on the proceeds of any future recovery against the State.[1]

Subsequently, while under the care of other Office of Mental Health facilities, Arnold O. sustained further injuries as a result of, *inter alia*, being dropped from a stretcher and administered inappropriate medication. Consequently, six further claims on his behalf were filed against the State, which were to be held in abeyance until resolution of the main claim. Following the commencement of this trial, the parties reached a stipulation of settlement which, *inter alia*, settled all seven claims and awarded Arnold O. $2,800,000. The stipulation also specifically provided that the Office of Mental Health waived all right to recoup any unpaid medical and hospital bills owed to it in the claimed amount of $330,348.52. By order dated March 19, 1997, the Court of Claims confirmed the settlement (the net proceeds of which were $1,819,203.92).

Petitioner, as Arnold O.'s court-appointed guardian, then sought to establish a supplemental needs trust on his behalf pursuant to EPTL 7-1.12, funded by the proceeds of the settlement.[2] DSS opposed several provisions of the trust and sought immediate satisfaction of its lien prior to the creation of the

1. The initial lien was in the amount of $70,613.08, however, the notice expressly reserved the right to amend this amount. Although DSS later represented that the amount of the lien had increased to $786,159.49, it ultimately confirmed in affidavits and documentation submitted to Supreme Court that the final amount due under its lien for public funds expended on behalf of Arnold O. was $502,792.47.

2. A supplemental needs trust is "a discretionary trust established for the benefit of a person with a severe and chronic or persistent disability" (EPTL 7-1.12 [a] [5]). Funds held in such a trust are not considered assets of the

trust. In an order entered May 2, 1997, Supreme Court, *inter alia,* ordered that the lien be satisfied prior to the establishment of the trust, but ordered DSS to provide documentation of the medical expenses which were the subject of the lien. DSS then produced several affidavits and a computer printout of Medicaid charges incurred by Arnold O. Thereafter, in an order entered August 18, 1997, Supreme Court sustained its previous order, directed that petitioner satisfy the lien and confirmed the creation of the trust. Petitioner now appeals both orders.[3]

Initially, we find that Supreme Court properly ordered that DSS' lien be satisfied prior to the creation of the supplemental needs trust in Arnold O.'s favor. DSS properly filed a lien pursuant to Social Services Law § 104-b and this lien "attach[es] to any verdict, decision, decree, judgment, award or final order in any [third-party personal injury action] * * * as well as the proceeds of any settlement thereof" (Social Services Law § 104-b [3]). Notably, the Court of Appeals has held that a public welfare official is entitled to satisfy a lien out of the proceeds of a recipient's personal injury settlement *before* those assets are transferred to a supplemental needs trust (*see, Cricchio v Pennisi,* 90 NY2d 296, 302-303).

While petitioner acknowledges DSS' interest, he maintains that its lien should only be paid in the amount actually expended by respondent Saratoga County for Arnold O.'s Medicaid costs. Specifically, petitioner points to proof in the record that the County only paid $89,971.96 of the $502,792.47 total and that DSS acknowledged that, upon payment of the lien by petitioner, it is obligated to remit the remainder to the State to reimburse it for its share. According to petitioner, the State, as the tortfeasor, allegedly waived its right to reimbursement for these medical costs in the settlement of the underlying claims and therefore payment of the entire amount of the lien to respondents would defeat the purpose of the stipulation, resulting in a windfall to the State. We do not agree. The stipulation of settlement clearly provides only that the Office of Mental Health waived its right to collect an amount owed to it for certain unpaid medical bills. There is no blanket waiver.

---

beneficiary for purposes of calculating eligibility for public assistance benefits as long as certain requirements are met, including a provision that the State possess a remainder interest in any trust assets in the account at the recipient's death up to the amount of all public assistance provided (*see,* Social Services Law § 366 [2] [b] [2] [iii]).

**3.** Although respondents also filed a notice of appeal from Supreme Court's first order, they have abandoned the cross appeal and urge affirmance of both orders in their responding brief.

Since petitioner's own petition acknowledges that the subject Medicaid lien was for amounts *other than* those waived in the stipulation, we find no reason to disturb Supreme Court's conclusions in this regard.[4]

Petitioner's remaining contentions have been examined and found to be similarly unpersuasive. Contrary to petitioner's argument that the amount of the lien was not proven, the record contains sufficient documentation reflecting the actual Medicaid charges for Arnold O.'s treatment.

Cardona, P. J., White, Spain and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.

---

4. To the extent Supreme Court's orders could be subject to differing interpretations as to the actual amount to be remitted to DSS, we note that the lien is for "the *total amount* of public assistance and care furnished" (*Baker v Sterling*, 39 NY2d 397, 403 [emphasis supplied]; *see*, Social Services Law § 104-b [1]) and not just the amount which the local social services department (here the County) is out-of-pocket; hence, our conclusion is that the proper amount is $502,792.47.