OPINION OF THE COURT
Phillip R Rumsey, J.
*638 The infant plaintiff, Shane, presently eight years old, was injured in a pedestrian/automobile accident in December 1994. As a result, he sustained a traumatic head injury, which has resulted in permanent impairments that affect his motor performance, cognition and behavior. After the accident, his mother applied for and received Medicaid benefits to cover a portion of Shane’s medical bills (the initial $50,000 was paid by defendant’s no-fault carrier).
This negligence action against the driver and owner of the vehicle was commenced in December 1997, and settlement negotiations ensued. In November 1998, the Cortland County Department of Social Services (hereinafter the Department) filed a lien (in the amount of $36,177.19) against any recovery that might be had for Shane’s injuries; the amount of the lien was later increased to $45,811.57. Ultimately, the parties agreed upon a structured settlement, whereby Shane would receive annual payments of $11,485.53 for 20 years, beginning on his 18th birthday. Shane’s attorney’s fees of $25,000 would also be paid, bringing the total present value of the settlement to approximately $105,000. Application was made to the court for approval of the settlement, pursuant to CPLR 1207 and 1208.
In considering the appropriateness of the settlement, the court noted that the insurer’s purported agreement to “hold harmless” plaintiff and his mother, with respect to any liability that should accrue with respect to the Medicaid lien, had not been reduced to writing. When the insurer refused to confirm that provision in writing, plaintiffs attorney brought this motion to vacate the lien, which is opposed by the Department.
Plaintiffs attorney contends that given the severity of Shane’s injuries, the entire amount of the settlement should be viewed as compensation for those injuries, and for Shane’s pain and suffering, rather than as reimbursement for his past medical expenses. As a consequence, he argues (citing Baker v Sterling, 39 NY2d 397), none of the proceeds are subject to the Department’s lien. In opposition, the Department maintains that recent case law establishes that it must be viewed as a “payor of last resort”, and accordingly, its lien must be “satisfied in full from all of the proceeds of the monetary settlement of the action, however denominated” (Department’s mem of law, at 2), before any funds are released to the infant plaintiff.
The Court of Appeals most recently addressed the issue at bar in Calvanese v Calvanese (93 NY2d 111). There, when faced directly with the question of whether the entire amount of a *639 personal injury settlement was available to satisfy a Medicaid lien, “or only that portion of the settlement specifically allocated to past medical expenses” {supra, at 116), the Court rejected the plaintiffs’ argument that the Department’s recoupment should be limited to funds intended to compensate for medical expenses. The Court did not reject its earlier holding in Baker {supra), however, but distinguished it by noting that in Baker (as here), the injured party was under the age of 21 when she received Medicaid assistance, a circumstance not present in Calvanese. In such a situation, the Court explicitly wrote,
“[t]he Department’s right of recovery * * * is governed by Social Services Law § 104 (2), which provides:
“ ‘No right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, talcing into account his maintenance, education, medical care and any other factors applicable to his condition.’ ” {Supra, at 120.)
Inasmuch as “[a]n award for personal injuries simply compensates the infant for his loss by providing a fund to satisfy his anticipated needs occasioned by the injury”, the Baker Court held such funds “can never be considered ‘money or property in excess of [the infant’s] reasonable requirements.’ ” (Baker v Sterling, 39 NY2d 397, 405-406, supra.) Consequently, that portion of an infant’s settlement intended as compensation for personal injury was found to be “beyond the Department’s reach” (supra, at 406), because of the limitation imposed by Social Services Law § 104 (2). The same rationale applies in the case at bar, rendering it necessary for the court to determine whether any part of the proposed settlement should be viewed as compensation for Shane’s past medical expenses (see, supra, at 407).
The factual evidence presented by the plaintiff being uncontroverted, a hearing is not required. The medical proof establishes that Shane’s injuries are serious and permanent, yet the total amount of the settlement is relatively small, due primarily to the fact that liability is far from certain, and there is apparently conflicting evidence as to causation as well. Moreover, although the lien was discussed during settlement negotiations, it was expressly contemplated that any payments that were to be made to satisfy the lien, should the same be necessary, would be over and above the amounts set forth in the *640 parties’ agreement. Consequently, it appears that none of the settlement proceeds are intended to compensate Shane for his past medical expenses, nor is there any reason for the court to conclude that they should be so allocated (see, Pang v Maimonides Med. Ctr.-Maimonides Hosp., 127 AD2d 641, 642; cf, Cardona v Goudot, 79 Misc 2d 139, 141-142; Cruz v New York City Tr. Auth., 78 Misc 2d 568, 571).
Plaintiffs motion is hereby granted, and the lien is vacated.