■ In the Matter of the Estate of ADOLFO VIVAS, Deceased, Appellant. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Respondent. [702 NYS2d 31] —Order, Surrogate's Court (Renee Roth, S.), entered April 30, 1998, which granted the motion of respondent New York City Department of Social Services for summary judgment on its claim against the estate of Adolfo Vivas (Estate) for reimbursement of Medicaid benefits paid on decedent's behalf after he was injured in an automobile accident, unanimously affirmed, without costs.

While Social Services Law § 369, as it existed at the time of the decedent's death, prevented welfare agencies from recouping the cost of Medicaid payments from the estate of a recipient who was 65 years or older until his or her surviving spouse died, section 369 (2) (c) provides an exception to that rule and permits the Department of Social Services to recover the costs of medical assistance provided to an injured person in accordance with Social Services Law § 104-b. Contrary to the Estate's assertion, the agency's right to recover payments from an estate where there is a surviving spouse is not conditioned upon the filing of lien during the pendency of a lawsuit. It has been held that section 104-b, which authorizes the imposition of a lien to recoup the cost of care and assistance where the recipient has a claim against a third party for personal injuries, is purely a procedural device and does not alter the agency's substantive right to recover public assistance payments; the agency's right to recover is the same whether it sues directly or uses a lien (*Calvanese v Calvanese*, 93 NY2d 111, 117; *Matter of Thurston v Durose*, 76 NY2d 683, 687; *Baker v Sterling*, 39 NY2d 397, 405). Since section 104-b does not require the agency to file a lien to protect its interest, it follows that the reference in section 369 to section 104-b similarly does not require the agency to file a lien before recouping Medicaid payments from the estate of an injured person where there is a surviving spouse.

The Estate's claim that the decedent did not willfully mislead the Department of Social Services about the existence of his pending lawsuit does not compel a different result. Decedent's motives are irrelevant because the mere receipt of Medicaid benefits constitutes an implied contract to repay when the recipient is discovered to have property (Social Services Law § 104 [1]; *Hoke v Ortiz*, 83 NY2d 323, 328). Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Andrias, JJ.