■ ROBIN K. CALVANESE, Respondent, v ANTHONY J. CAL-VANESE et al., Defendants. COUNTY OF WESTCHESTER, Nonparty Appellant. [672 NYS2d 410] —In an action to recover damages for personal injuries, the nonparty County of Westchester appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated January 14, 1997, as granted that branch of the plaintiff's application which was to establish a supplemental needs trust with certain settlement proceeds before satisfying a Medicaid lien.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's application which was to establish a supplemental needs trust with certain settlement proceeds before satisfying Medicaid lien is denied.

In *Cricchio v Pennisi* (90 NY2d 296), the Court of Appeals held that a Medicaid lien placed on the proceeds of a personal injury settlement pursuant to Social Services Law § 104-b must be satisfied before the funds may be transferred to a supplemental needs trust that complies with EPTL 7-1.12. The plaintiff contends that even after *Cricchio v Pennisi (supra)* she does not have to satisfy the Medicaid lien prior to the establishment of the trust because all of the settlement proceeds were intended to compensate her for pain and suffering. In *Cricchio v Pennisi (supra),* the Court of Appeals left unanswered the question of whether the entire amount of the personal injury settlement, or only that portion attributable to past medical expenses, is available to satisfy the lien (*see, Cricchio v Pennisi, supra,* at 309-310). We hold that the entire amount of the personal injury settlement is available to satisfy the lien.

In *Cricchio v Pennisi (supra),* the Court of Appeals explained that as a condition of eligibility, a Medicaid recipient must assign to the Department of Social Services (hereinafter DSS)

any rights he or she has to seek reimbursement from any third party up to the amount of medical assistance paid (*see, Cricchio v Pennisi, supra,* at 305; *see also,* 42 USC § 1396k [a] [1] [A]; 42 CFR 433.146 [c]; Social Services Law § 366 [4] [h] [1]; 18 NYCRR 360-7.4 [a] [6]). Because the injured recipient has assigned its recovery rights to DSS, and DSS is subrogated to the rights of the beneficiary, the settlement proceeds are resources of the third-party tortfeasor that are owed to DSS (*see, Cricchio v Pennisi, supra,* at 307). Accordingly, the lien on the settlement proceeds attaches to the property of the third party, and does not violate the statutory prohibition against imposing a lien against a beneficiary's property until after his or her death (*see, Cricchio v Pennisi, supra,* at 307; *see also,* Social Security Act § 1917 [a] [42 USC § 1396p (a)]; Social Services Law § 369 [2] [a]).

Because the lien is satisfied from the property of the third-party tortfeasor, the entire settlement is available to reimburse DSS for medical assistance payments made on the plaintiff's behalf. None of the assignment, subrogation, and recoupment provisions created by 42 USC § 1396a and § 1396k, and Social Services Law § 366 (4) (h) (1) and § 367-a (2) (b) limit the right of recovery by DSS to that portion of the settlement proceeds intended to compensate the plaintiff for past medical expenses. Rather, pursuant to 42 USC § 1396k, when reimbursement is sought from responsible third parties through the assignment provisions, States are to first "retain" that portion "of any amount collected * * * as is necessary to reimburse it for medical assistance payments made on behalf of an individual with respect to whom such assignment was executed * * * and the remainder of such amount collected shall be paid to such individual" (42 USC § 1396k [b]). Thus, because the settlement proceeds do not become the plaintiff's property until the Medicaid lien is satisfied, the plaintiff can transfer only the remaining portion to a supplemental needs trust. Miller, J. P., Ritter, Pizzuto and Altman, JJ., concur.