OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 In
 
 Cricchio v Pennisi
 
 (90 NY2d 296), this Court held that the Department of Social Services is entitled to satisfy a Medicaid lien placed on the proceeds of a personal injury settlement pursuant to Social Services Law § 104-b before a plaintiff may transfer those funds to a supplemental needs trust.
 
 *
 
 The ap
 
 *116
 
 peals now before us present a question left open in
 
 Cricchio:
 
 is the entire amount of a personal injury settlement available to satisfy a Medicaid lien, or only that portion of the settlement specifically allocated to past medical expenses?
 

 The relevant facts of these cases may be stated briefly. Appellants received Medicaid benefits for injuries they suffered allegedly due to the negligence of third parties. They commenced personal injury actions against the third parties, which eventually settled. Even though a Medicaid lien was placed on both settlements, neither provided for any payment to satisfy the liens. Instead, the net settlement proceeds were allocated to appellants’ pain and suffering, and Supreme Court approved the transfer of those funds to supplemental needs trusts for appellants’ benefit.
 

 In both cases, the Appellate Division reversed the Supreme Court orders establishing the supplemental needs trusts. Reasoning that “[n]one of the assignment, subrogation, and recoupment provisions * * * limit the right of recovery by DSS to that portion of the settlement proceeds intended to compensate the plaintiff for past medical expenses,” the Appellate Division held that all settlement proceeds are available to satisfy a Medicaid lien, and that appellants could transfer settlement funds to a supplemental needs trust only after the liens were paid
 
 (Calvanese v Calvanese,
 
 250 AD2d 564, 565;
 
 see also, Matter of Callahan,
 
 254 AD2d 415). We agree, and accordingly affirm in both cases.
 

 Medicaid is a jointly funded Federal and State program that pays for necessary medical care of qualifying indigent persons
 
 (see,
 
 42 USC § 1396
 
 et seq.;
 
 Social Services Law § 363
 
 et seq.).
 
 In order to contain program costs and ensure that Medicaid remains the “payor of last resort” (S Rep No. 146, 99th Cong, 2d Sess 1, 312, reprinted in 1986 US Code Cong & Admin News 42, 279), States must “take all reasonable measures to ascertain the legal liability of third parties * * * to pay for care and services available under the plan,” and seek reimbursement from them (42 USC § 1396a [a] [25] [A], [B]). Federal law also requires Medicaid recipients to “cooperate with the State in identifying, and providing information to assist the State in pursuing, any third party who may be liable to pay for care and services available under the plan,” unless good cause exists for the refusal to cooperate (42 USC § 1396k [a] [1] [C];
 
 see also,
 
 42 CFR 433.145 [a] [3]).
 

 
 *117
 
 Such cooperation requires Medicaid applicants to assign to the State the right to seek reimbursement from any third party up to the amount of medical assistance paid (42 USC § 1396k [a] [1] [A]; Social Services Law § 366 [4] [h] [l]; 18 NYCRR 360-7.4 [a] [4]). In New York, as a corollary to this assignment, the local social services district is subrogated, to the extent of its expenditures for medical care furnished, to any rights a Medicaid recipient may have to third-party reimbursement (Social Services Law § 367-a [2] [b]; 18 NYCRR 360-7.4 [a] [6]). Pursuant to this assignment and subrogation scheme, the Department “obtains all of the rights that the recipient has as against the third party to recover for medical expenses, including the ability to immediately pursue those claims against the third party”
 
 (Cricchio v Pennisi, supra,
 
 90 NY2d, at 307).
 

 As an alternative to suing the responsible third party directly, the Department may pursue reimbursement indirectly by placing a lien on personal injury suits brought by a Medicaid recipient against the responsible party
 
 (see,
 
 Social Services Law § 104-b). A Medicaid lien “shall attach to any verdict, decision, decree, judgment, award or final order in any suit, action or proceeding in any court or administrative tribunal of this state respecting such injuries, as well as the proceeds of any settlement thereof,” and continues until discharged by the public welfare official (Social Services Law § 104-b [3], [7]). Because section 104-b “is purely procedural,” it does not alter the agency’s substantive right to recover the amount it has expended on behalf of a Medicaid recipient, and the agency’s right to recover is the same whether it sues directly or uses a lien
 
 (Baker v Sterling,
 
 39 NY2d 397, 405).
 

 Pitted against the Department’s right to reimbursement in these appeals is appellants’ desire to place all of their settlement proceeds into supplemental needs trusts. This Court addressed the relationship between supplemental needs trusts and Medicaid liens in
 
 Cricchio v Pennisi
 
 (90 NY2d 296,
 
 supra).
 
 The question before us was whether a Medicaid lien placed on the proceeds of a personal injury settlement must be satisfied before those funds could be transferred to a supplemental needs trust. After reviewing the Federal and State assignment and subrogation scheme, we answered in the affirmative. In so doing, the Court left open the issue of what portion of the settlement was available to satisfy the lien:
 

 “Given that the parties did not present any arguments to this Court concerning whether the entire
 
 *118
 
 amount of the personal injury settlement or only that portion attributable to past medical expenses is available to satisfy the lien, we do not pass on the question, which must be addressed in the first instance by the court on remittal”
 
 (Cricchio v Pennisi, supra,
 
 90 NY2d, at 309-310).
 

 That open question is now before us.
 

 Appellants argue that only the settlement proceeds specifically allocated to past medical expenses should be available to satisfy the Medicaid lien. Nowhere in the elaborate statutory scheme governing this area of the law, however, is the agency’s right of recovery restricted in this manner. A State that has furnished Medicaid acquires the rights of recipients “to payment by any other party for such health care items or services,” and must “retain [ ]” from the recovery an amount “as is necessary to reimburse it for medical assistance payments made on behalf of an individual” (42 USC § 1396a [a] [25] [H]; § 1396k [b]).
 

 New York’s assignment, subrogation and lien provisions effectuate these Federal mandates by imbuing the Department with broad authority to pursue any amount of third-party reimbursement to which appellants are entitled. As a condition of eligibility for Medicaid, all applicants and recipients must “assign to the appropriate social services official or the department * * *
 
 any benefits
 
 which are available to him or her individually from any third party for care or other medical benefits available under this title” (Social Services Law § 366 [4] [h] [1] [emphasis added];
 
 see also,
 
 18 NYCRR 360-7.4 [a] [4]). Once the Department has furnished Medicaid assistance to an applicant or recipient, it is subrogated to the extent of the expenditures it has made “to
 
 any rights
 
 such person may have to * * * third party reimbursement” (Social Services Law § 367-a [2] [b] [emphasis added];
 
 see also,
 
 18 NYCRR 360-7.4 [a] [6]).
 

 The Department’s ability to enforce its right to reimbursement with a lien is correspondingly broad. If any Medicaid recipient has a right of action “on account of any personal injuries suffered by such recipient,” the Department has a lien “for such amount as may be fixed by the public welfare official” up to the amount it has expended (Social Services Law § 104-b [1]). Appellants’ proposal that courts — or Medicaid recipients acting in conjunction with responsible third parties — be allowed to compromise Medicaid liens by allocating settlements to specific categories of damages is contrary to statutory
 
 *119
 
 mandate. Once a Medicaid lien is in effect, only the local public welfare official may release and discharge it, and “no release, payment, discharge or satisfaction of any * * * claim, demand, right of action, suit or counterclaim shall be valid or effective against such lien” (Social Services Law § 104-b [7]).
 

 In light of the Department’s broad statutory obligation to seek reimbursement from responsible third parties, appellants present no justification for circumscribing the Department’s recovery from settlement funds. The allocation of funds in the manner that appellants urge would divert available third-party resources from the Department to a Medicaid recipient’s supplemental needs trust. This would weaken the assignment and subrogation provisions as well as the priority assigned to Medicaid liens, results that would jeopardize the ultimate goal of Medicaid — that the program be the payor of last resort
 
 (Matter of Costello [Stark] v Geiser,
 
 85 NY2d 103,106). It would also create an anomalous situation in which Medicaid applicants could be disqualified from eligibility for financial resources that include prior personal injury settlements allocated to pain and suffering, but Medicaid recipients could shield such funds from recoupment by the Department after having received significant public assistance.
 

 Appellants argue that, notwithstanding these concerns, the Appellate Division erred in not applying the “equity standard” of
 
 Matter of Costello (Stark) v Geiser
 
 (85 NY2d 103,
 
 supra).
 
 Appellants’ reliance on
 
 Geiser
 
 is misplaced. At issue in that case was the
 
 amount
 
 of reimbursement that the Department could seek from a responsible third party, not the
 
 source
 
 of the funds available for the reimbursement. In
 
 Geiser,
 
 the Court concluded that the Department is entitled to reimbursement only for the actual costs of the medical services provided, and not for “such statutory Medicaid subsidies characterized as bad debt and charity surcharges”
 
 (id.,
 
 at 105). This determination was based on the statutory foundation for the Department’s subrogation, as well as the nature of subrogation. Because “subrogation is wholly dependent on the subrogor’s claim against the third party,” the Department could not recover an amount greater than the Medicaid recipient could have recouped had she paid for the medical services herself. That amount would not have included the Medicaid surcharges
 
 (id.,
 
 at 109). Furthermore, the Department’s subrogation rights were limited by statute to the “medical care furnished,” an amount that does not include the bad debt and charity allowances (Social Services Law § 367-a [2] [b]).
 

 
 *120
 
 The Court further noted that “[e]quity should not countenance Social Services Law § 367-a (2) (b) being used * * * to recoup for the public purse from a private citizen the additional public charge component of a medical assistance payment”
 
 (Matter of Costello [Stark] v Geiser, supra,
 
 85 NY2d, at 110). Considering “the particular relationship of parties and nature of controversy” in these cases, appellants’ argument that an “equity standard” of subrogation shields portions of settlements from Medicaid liens is meritless
 
 (id.,
 
 at 109). There is no claim in these cases that the Department seeks reimbursement for an amount greater than appellants’ actual medical costs. Thus, this is not a situation in which the Department may inequitably recover more from a responsible party than the Medicaid recipient could have. Nor can we say, in light of the broad statutory mandates requiring that the Department seek reimbursement from responsible third parties, that equity “should not countenance” the Department’s full recovery of its expenditures before appellants — who have received, and continue to receive, significant amounts of public assistance— may place settlement funds into a trust for their own benefit
 
 (id.,
 
 at 110).
 

 Appellants’ reliance on
 
 Baker v Sterling
 
 (39 NY2d 397, supra) is similarly misplaced. In
 
 Baker,
 
 the Department placed a lien on a personal injury suit brought by a plaintiff who received Medicaid assistance when she was under the age of 21. The Department’s right of recovery in such a situation is governed by Social Services Law § 104 (2), which provides:
 

 “No right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition.”
 

 The Court concluded that an award for personal injuries cannot be “in excess” of the recipient’s requirements, since it merely compensates the recipient for a loss. In contrast, the medical expenses paid by the State involved no loss to the recipient, so recovery of them would be “excess.” Thus, relying on Social Services Law § 104 (2), the Court held that when a Medicaid recipient is younger than 21, only the portion of a settlement allocated to medical expenses is subject to recovery by the Department.
 

 
 *121
 
 Here, however, “the right to recover from responsible third parties * * * is not derived from section 104, but rather from the assignment, subrogation, and recoupment provisions created by 42 USC §§ 1396a and 1396k, and Social Services Law § 366 (4) (h) (1) and § 367-a (2) (b). Accordingly, any limitations found in section 104 * * * are not relevant here”
 
 (Cricchio v Pennisi, supra,
 
 90 NY2d, at 308, n 4).
 

 Finally, appellants contend that allowing the Department to satisfy a Medicaid lien from all settlement proceeds will, in the long run, actually decrease recovery on Medicaid liens. They envision a scenario in which Medicaid recipients will have no incentive to settle weak claims for an amount less than or equal to the amount of the Medicaid lien, forcing such cases to trial, where there may well be no recovery for either plaintiffs or the Department. That argument ignores the public welfare official’s powers both to fix the amount of the lien and to release and discharge it
 
 (see,
 
 Social Services Law § 104-b [1], [7]). In order to facilitate settlement, the agency may agree to reduce the amount it will accept in satisfaction of its lien — whether to ensure that the value of the lien is not greater than defendants are willing to settle for, or simply to ensure that a settlement will yield a plaintiff additional compensation beyond having medical expenses paid by the State. This ability to settle, however, does not affect the agency’s entitlement to full recovery when sufficient funds are made available by a responsible third party. To conclude otherwise would be to jeopardize Medicaid’s status as a “payor of last resort,” and to ignore limits on public resources available to fund the program.
 

 Appellants’ remaining arguments are without merit.
 

 Accordingly, in both cases, the order of the Appellate Division should be affirmed, without costs.
 

 Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
 

 In each case: Order affirmed, without costs.
 

 *
 

 In 1993, the New York State Legislature authorized the creation of supplemental needs trusts for the benefit of persons with severe and chronic or persistent disabilities
 
 (see,
 
 EPTL 7-1.12). The purpose of such trusts is “to meet the supplemental needs of persons with disabilities whose basic needs are expected to be met, in large part, through government benefits or assistance programs” (L 1993, ch 433, § 1). Funds placed in a supplemental needs trust are not considered “available” resources for purposes of assessing the beneficiary’s eligibility for Medicaid benefits, but the trust must grant the State a remainder interest in the trust assets existing at the time of the beneficiary’s death, up to the amount of all public assistance provided
 
 (see,
 
 Social Services Law § 366 [2] [b] [2] [iii]).