174 F.3d 282
 61 Soc.Sec.Rep.Ser. 583
 Brian SULLIVAN, Plaintiff-Appellant,
v.
COUNTY OF SUFFOLK, Suffolk County Police Department, John
Cahill and Renee Buschor, Defendants,
Suffolk County Department of Social Services, Lienor-Appellee.
 Docket No. 98-7816.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 20, 1999.
Decided April 23, 1999.
 
 Charles Robert, Robert, Lerner & Robert, Rockville Centre, NY, for Plaintiff-Appellant.
 Paul Costello, Suffolk County Attorney, for Lienor-Appellee.
 Before: LEVAL and POOLER, Circuit Judges and CURTIN, District Judge.*
 POOLER, Circuit Judge:
 
 
 1
 This appeal requires us to decide whether a Medicaid benefits recipient must satisfy a Medicaid lien before he establishes a supplemental needs trust for his own benefit. Brian Sullivan appeals from the decision of the United States District Court for the Eastern District of New York (Seybert, J.) ordering that he use the proceeds of his tort settlement to satisfy a $200,000 Suffolk County Department of Social Services ("DSS") lien before he established a supplemental needs trust.[1] Sullivan argues that he may transfer all of the settlement proceeds to a trust because DSS will be reimbursed upon his death. For the reasons that follow, we affirm the decision of the district court.
 
 BACKGROUND
 
 2
 In 1995, plaintiff Brian Sullivan filed an action pursuant to 42 U.S.C. § 1983 against Suffolk County, Suffolk County Police Department, Police Officer John Cahill, and Police Officer Renee Buschor. Sullivan suffered cataclysmic injuries when Officer Cahill shot him in the back as he fled, unarmed, from police officers. Sullivan is permanently disabled. Because he requires extensive medical care, Sullivan sought Medicaid benefits through the Suffolk County DSS. As a condition of Medicaid eligibility, Sullivan assigned to DSS payments from a third party that was liable for his injuries. Pursuant to New York Social Services Law § 104-b, DSS filed a Medicaid lien against Sullivan's tort action and any resulting proceeds.
 
 
 3
 In January 1997 the parties agreed to settle the lawsuit and notify DSS that Sullivan intended to fund a supplemental needs trust with the settlement proceeds. A supplemental needs trust is a "discretionary trust established for the benefit of a person with a severe and chronic or persistent disability" and is intended to provide for expenses that assistance programs such as Medicaid do not cover. N.Y. Est. Powers & Trusts Law § 7-1.12(a)(5) (McKinney 1998); see Cricchio v. Pennisi, 90 N.Y.2d 296, 303, 660 N.Y.S.2d 679, 683 N.E.2d 301 (1997) (citing Bill Jacket, L.1993, ch. 433).
 
 
 4
 On March 11, 1997, plaintiff proposed a settlement order and supplemental needs trust, which deferred payment of DSS's Medicaid lien until Sullivan's death. However, on March 25, 1997, the New York Court of Appeals held that a settlement recipient must satisfy a valid Medicaid lien filed pursuant to New York Social Services Law § 104-b before establishing a supplemental needs trust. Cricchio, 90 N.Y.2d at 309, 660 N.Y.S.2d 679, 683 N.E.2d 301. In light of Cricchio, the parties agreed to reduce the Medicaid lien to $200,000 and place it in an interest bearing escrow account until the district court decided when Sullivan had to satisfy the lien. If the district court ruled in favor of DSS, the $200,000 in escrow would be paid to satisfy the Medicaid lien. Otherwise, the money would be transferred to Sullivan's supplemental needs trust.
 
 
 5
 On April 30, 1998, the district court ruled that Sullivan must pay the DSS Medicaid lien before using the settlement proceeds to establish his supplemental needs trust. See Sullivan v. County of Suffolk, 1 F.Supp.2d 186, 191 (E.D.N.Y.1998). Judge Seybert rejected plaintiff's argument that federal law permits a trust beneficiary to defer until his death reimbursement for the "total" Medicaid services provided during his lifetime. See 42 U.S.C. § 1396p(d)(4).[2] The district court found that the statute upon which plaintiff relied pertains to eligibility for Medicaid and does not affect the priority of a Medicaid lien held pursuant to New York Social Services Law § 104-b. See Sullivan, 1 F.Supp.2d at 189-190. The district court concluded that "although both federal and state law bar the imposition of a Medicaid lien on the recipient's property before his death, the federal and state laws do not suggest that settlement proceeds become the property of the recipient before they are placed in trust." Id. at 190. Because Sullivan assigned to DSS his right to settlement proceeds to the extent of medical assistance provided, the district court released the $200,000 in escrow for immediate satisfaction of the Medicaid lien. Sullivan now appeals.
 
 DISCUSSION
 
 6
 Sullivan argues that the plain language of Section 1396p(d) authorizes him to defer reimbursement of DSS until his death, when the state will be reimbursed for the total amount of medical assistance it provided him throughout his lifetime. We review de novo the district court's interpretation of a statute. This court will "look first to the plain language of a statute and interpret it by its ordinary, common meaning." Luyando v. Grinker, 8 F.3d 948, 950 (2d Cir.1993). "If the statutory terms are unambiguous, our review generally ends and the statute is construed according to the plain meaning of its words." Greenery Rehabilitation Group, Inc. v. Hammon, 150 F.3d 226, 231 (2d Cir.1998).
 
 
 7
 Medicaid is a jointly funded state and federal assistance program designed to pay the medical expenses of individuals whose income and resources are insufficient. See 42 U.S.C. § 1396 et seq.; N.Y. Soc. Serv. Law § 363 et seq. Because Congress intended Medicaid to be the "payor of last resort", the state agency that administers Medicaid must seek reimbursement from any third party responsible for the patient's medical expenses. See Cricchio, 90 N.Y.2d at 305, 660 N.Y.S.2d 679, 683 N.E.2d 301. (citing S.Rep. No. 146, 99th Cong., 2d Sess. 1, 312, reprinted in 1986 U.S.Code Cong. & Admin. News 42, 279). Pursuant to federal law, Medicaid recipients must assign to the state their rights to seek and collect payment for medical care from a responsible third party. See 42 U.S.C. § 1396k.[3] As part of its recoupment power, the DSS as the agency administering Medicaid may place a lien on the Medicaid recipient's personal injury claims against a tortfeasor in order to recover the agency's medical expenditures. See N.Y. Soc. Serv. Law § 104-b(1). Section 104-b liens enjoy a specific exemption from the general rule that the state may not encumber a Medicaid recipient's property prior to death. N.Y. Soc. Serv. Law § 369(2).
 
 
 8
 In concluding that Sullivan must immediately satisfy the $200,000 Medicaid lien, the district court relied on a recent New York Court of Appeals decision that examined this state and federal assignment scheme. The New York Court of Appeals concluded that the state is entitled to satisfaction of a Section 104-b lien prior to the establishment of a supplemental needs trust. See Cricchio v. Pennisi, 90 N.Y.2d 296, 660 N.Y.S.2d 679, 683 N.E.2d 301 (1997). The United States Court of Appeals for the Eighth Circuit (although not considering all the arguments raised here) reached the same conclusion in Norwest Bank of North Dakota v. Doth, 159 F.3d 328, 333 (8th Cir.1998) (interpreting federal law in conjunction with Minnesota's assignment provisions which are similar in pertinent part to New York's assignment provisions).
 
 
 9
 Sullivan claims that using his tort settlement proceeds to establish a supplemental needs trust merely delays the satisfaction of the Medicaid lien until his death and does not abrogate DSS's recoupment right. Sullivan argues that federal Medicaid eligibility law is dispositive and that Section 1396p(d) requires that the state be reimbursed for the "total medical assistance paid" at the time a trust beneficiary dies. Sullivan claims that if the words "total medical assistance paid" in the statute referred only to Medicaid provided after the establishment of the trust, then "total" would be superfluous. According to the statute, trust assets do not affect the beneficiary's medicaid eligibility as long the trust contains a "payback" provision allowing trust assets remaining upon the recipient's death to be used to reimburse the state for the total medical assistance it provided to the trust beneficiary. See 42 U.S.C. § 1396p(d)(1), (4).
 
 
 10
 We reject appellant's arguments for essentially the same reasons that the district court and the New York Court of Appeals set forth. Section 1396p(d) concerns the Medicaid eligibility of a supplemental needs trust beneficiary. The statute does not alter the assignment and subrogation scheme, and it therefore does not affect the state's right to satisfy its lien. In short, the state's right to recover the cost of medical care when the trust beneficiary dies has no bearing on the priority of the DSS lien.
 
 
 11
 Because the federal Medicaid eligibility rules do not govern the issue of Medicaid lien priority, the state and federal assignment and subrogation laws control. As a Medicaid recipient, Sullivan assigned his right to recover from a third party to DSS, up to the amount of medical assistance provided. See 42 U.S.C. § 1396k.[4] DSS was entitled to any rights that Sullivan had to third party reimbursement. See N.Y. Soc. Serv. Law § 367-a(2)(b). DSS pursued its right to recover from a responsible third party by placing a lien on Sullivan's lawsuit against the county. Because the Section 104-b lien attached directly to the tort settlement proceeds, the tortfeasor owes that money to DSS. Sullivan had no right to the $200,000 and could not use it to establish a trust.
 
 
 12
 We reject Sullivan's argument that deferral of reimbursement in no way alters the state's right to pursue its subrogation rights. Here, we agree with the district court that "timing is everything" in the realm of reimbursement for Medicaid expenses from a third party. Sullivan, 1 F.Supp.2d at 190. The Medicaid recipient cannot defer payment of settlement proceeds to which he has no right. Moreover, Medicaid recipients may not use supplemental needs trusts for the unintended purpose of sheltering judgment and settlement proceeds from Medicaid lienors. See Norwest, 159 F.3d at 333. Therefore, we conclude that the federal Medicaid eligibility laws do not permit Sullivan to transfer tort settlement proceeds to a supplemental needs trust before he pays the DSS lien. Finally, we reject appellant's request for an allocation hearing to determine what portion of the settlement proceeds is payable to DSS because the district court properly relied on the stipulated settlement amount of $200,000.[5]
 
 CONCLUSION
 
 13
 We have considered Sullivan's remaining contentions and find them to be without merit. For the foregoing reasons we affirm the decision of the district court ordering that the $200,000 currently in escrow be paid to Suffolk County DSS in immediate satisfaction of its Medicaid lien.
 
 
 
 *
 The Honorable John T. Curtin, of the United States District Court for the Western District of New York, sitting by designation
 
 
 [1]
 At the time of the tort settlement, DSS held a Medicaid lien in the amount of $555,959.26. Subsequently, the parties and DSS stipulated to reduce the lien to $200,000
 
 
 [2]
 Section 1396p(d) provides in relevant part:
 (1) For purposes of determining an individual's eligibility for, or amount of, benefits under a State plan ... subject to paragraph (4), the rules specified in paragraph (3) shall apply to a trust established by such individual.
 (4) This subsection shall not apply to any of the following trusts:
 (A) A trust containing the assets of an individual under age 65 who is disabled ... and which is established for the benefit of such individual by a parent, grandparent, legal guardian of the individual, or a court if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this subchapter.
 42 U.S.C. § 1396p(d).
 
 
 [3]
 The statute provides in relevant part that a State plan for medical assistance shall "provide that, as a condition of eligibility for medical assistance under the State plan to an individual who has the legal capacity to execute an assignment for himself, the individual is required to assign the State any rights, of the individual ... to payment for medical care from any third party." 42 U.S.C. 1396k(a)(1)(A)
 
 
 [4]
 Title 42 U.S.C. § 1396k provides:
 (a) For the purpose of assisting in the collection of medical support payments and other payments for medical care owed to recipients of medical assistance under the State plan approved under this subchapter, a State plan for medical assistance shall
 (1) provide that, as a condition of eligibility for medical assistance under the State plan to an individual who has the legal capacity to execute an assignment for himself, the individual is required
 (A) to assign the State any rights, of the individual or of any other person who is eligible for medical assistance ... to support ... and to payment for medical care from any third party.
 
 
 [5]
 Even if the parties had not stipulated the amount of the lien, an allocation hearing would not be necessary. The New York Court of Appeals recently held in Calvanese v. Calvanese, 93 N.Y.2d 111, 1999 WL 215967 * 5 (1999) that the agency is entitled to full recovery once sufficient funds are made available by a responsible third party, regardless of what portion of the settlement is allocated to past medical expenses