■ JAMES H. LINK, Appellant, v TOWN OF SMITHTOWN, Defendant, and SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [700 NYS2d 52] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Leis, J.), dated December 26, 1997, as, upon remittitur from the Court of Appeals, to determine "whether the entire amount of the personal injury settlement or only that portion attributable to past medical expenses is available to satisfy the [Medicaid] lien" (*Link v Town of Smithtown,* 90 NY2d 296, 309-310), found that "where an adult Medicaid recipient settles a personal injury action brought against a third party * * * a Department of Social Services' lien for medical expenditures may be satisfied in full out of the proceeds of the settlement".

Ordered that the order is affirmed insofar as appealed from, with costs.

A Medicaid lien pursuant to Social Services Law § 104-b on the proceeds of a settlement in a personal injury action must be satisfied before the funds may be transferred to a supplemental needs trust (*see, Cricchio v Pennisi,* 90 NY2d 296, *supra*; *Matter of Callahan,* 254 AD2d 415, *affd* 93 NY2d 111, *cert denied sub nom. Callahan v Suffolk County Dept. of Social Servs.,* — US —, 120 S Ct 323; *Calvanese v Calvanese,* 250 AD2d 564, *affd* 93 NY2d 111; *Reccardi v County of Suffolk,* 250 AD2d 584). Bracken, J. P., Sullivan, Friedmann and Florio, JJ., concur.