OPINION OF THE COURT
Peter N. Wells, S.
The court has granted petitioners’ request for reargument of *8 their petition which was previously denied by this court’s decision and order dated November 8, 1999. Petitioners, the parents and guardians of Stephan Ullman, seek permission to establish a supplemental needs trust funded solely with Stephan’s current Supplemental Security Income (SSI) payments. The New York State Department of Health as well as the Office of Mental Retardation and Developmental Disabilities have objected to the relief requested.
In reviewing a supplemental needs trust application, the court must determine whether the terms of the proposed trust satisfy the relevant statutory requirements and case authority (see, EPTL 7-1.12; Omnibus Budget Reconciliation Act of 1993 [42 USC § 1396p (d) (4) (A)]; Social Services Law § 366 [2] [b] [2] [iii]; Matter of Goldblatt, 162 Misc 2d 888; Matter of Morales, NYLJ, July 28, 1995, at 25, col 1). By so doing the court protects the interests of the disabled person and ensures the fulfillment of fiduciary obligations and compliance with the controlling laws and rules regarding eligibility for government benefits.
The facts of the original petition remain essentially unchanged. Stephan Ullman’s only asset is SSI payments of $500 per month. Petitioners contemplate moving Stephan to a single-family residence operated under the auspices of a private not-for-profit agency that provides support to developmentally disabled individuals. Petitioners anticipate that after this move Stephan’s monthly SSI payment will increase to $905. Through the establishment of a supplemental needs trust, petitioners seek to shelter Stephan’s income to continue his qualification for government assistance including Medicaid and to provide more income for his benefit.
The court notes that funding a supplemental needs trust with SSI payments may actually be detrimental to Stephan since a power proposed for the trustee is the authority to pay for his current living expenses, i.e., room and board, from the trust assets. As pointed out by the agencies in opposition to this petition, there is an inherent danger in that request since such payments could then be considered as being “in kind” by the Social Security Administration and actually result in a decrease in benefits to Stephan.
Moreover the court is troubled by the concept of funding a supplemental needs trust solely with SSI benefits which are paid to qualified individuals specifically to provide them with sufficient income to “maintain a standard of living at the established Federal minimum income level.” (20 CFR 416.110.) *9 SSI benefits are granted on a needs basis to be used currently for food, clothing and shelter. Their “purpose is not to provide a means of assuring future financial security but only to provide income when it is actually needed” (Singer v Secretary of Health & Human Servs., 566 F Supp 204, 208).
On the other hand a supplemental needs trust is usually established to supply funding for those niceties of life not provided through Government programs or otherwise. (EPTL 7-1.12 [a] [5]; Sullivan v County of Suffolk, 1 F Supp 2d 186, affd 174 F3d 282.) Furthermore, the court finds an inherent conflict in funding a supplemental needs trust solely with benefits received from the Government in an attempt to increase those benefits. It is clearly not the function of a supplemental needs trust to isolate one’s SSI payments in order to enhance an individual’s eligibility for increased benefits. The proposed sheltering of such benefits counteracts the principles sustaining the SSI program and is against public policy. As this court has noted previously, these benefits are funded from the public treasury which is not a bottomless pit.
Alternatively, petitioners have requested that they be granted the authority to establish a supplemental needs trust to be funded with other assets that may be obtained in the future. The court denies this request as premature and speculative, without prejudice to its renewal if, and when, appropriate.
Accordingly, the court adheres to its original determination herein and denies the petition in its entirety.