[706 NYS2d 87]

KIMBERLY SANTIAGO et al., Respondents, v CRAIGBRAND REALTY CORP. et al., Defendants. NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Appellant.

First Department, March 28, 2000

## APPEARANCES OF COUNSEL

*Brian J. Farrell* of counsel (*Fitzgerald & Fitzgerald, P. C.,* attorneys), for respondents.

*Mordecai Newman* of counsel (*Larry A. Sonnenshein* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for appellant.

## OPINION OF THE COURT

FRIEDMAN, J.

In *Calvanese v Calvanese* (93 NY2d 111, *cert denied sub nom. Callahan v Suffolk County Dept. of Social Servs.*, — US —, 120 S Ct 323), the Court of Appeals held that a Medicaid lien filed pursuant to Social Services Law § 104-b may be satisfied out of the entire proceeds of a Medicaid recipient's personal injury settlement, not just that portion of the settlement allocated to past medical expenses. The question before us is whether *Calvanese* is also applicable where the Department of Social Services (DSS) seeks to enforce a Medicaid lien against the settlement proceeds of a person under 21 years of age. We conclude, as the Appellate Division, Third Department, did in *Gold v United Health Servs. Hosps.* (261 AD2d 67), that DSS has an unfettered right of recoupment notwithstanding Social Services Law § 104 (2), which limits recovery when dealing with a person under the age of 21.

This appeal arises from an action commenced on behalf of the infant plaintiff against defendants Craigbrand Realty Corp. and Jeffrey Brand for injuries allegedly sustained in 1989 as a result of lead poisoning. The action was ultimately settled for $140,000, with the expectation that the amount remaining after deduction of attorney's fees and costs would be placed in a supplemental needs trust (*see*, EPTL 7-1.12).

The difficulty with this plan was that DSS asserted a lien of $12,857.06, based upon payments made for medical care rendered to the infant plaintiff from 1989 through 1990. Plaintiffs therefore moved, before submission to Supreme Court of a final infant's compromise order and a funding of the trust, for an order declaring the lien void. They argued pursuant to Social Services Law § 104 (2) and the Court of Appeals decision

in *Baker v Sterling* (39 NY2d 397) that DSS only had a right to recover those settlement sums that were allocated to past medical expenses. As no portion of the settlement was allocated to medical expenses, plaintiffs claimed that the lien should be extinguished. DSS, on the other hand, asserted that *Baker* was not controlling and that its lien could be enforced against the entire settlement without regard to any allocation of the settlement funds. Supreme Court agreed with plaintiffs, determining, without benefit of a hearing, that no portion of the settlement represented recovery for past medical expenses, and extinguished the lien. This was error.

Resolution of the issue presented by this appeal requires an examination of the controlling statutory framework in conjunction with an analysis of a trilogy of cases decided by the Court of Appeals, namely, *Baker v Sterling (supra)*, *Cricchio v Pennisi* (90 NY2d 296), and *Calvanese v Calvanese (supra)*.

The statutory backdrop begins with Social Services Law § 104 (1), which provides that "[a] public welfare official may bring [an] action or proceeding against a person discovered to have real or personal property * * * if such person * * * received assistance and care during the preceding ten years, and [the public welfare official] shall be entitled to recover * * * the cost of such assistance or care." Subdivision (2) of the statute, however, limits the agency's right to recover from certain beneficiaries, providing that "[n]o right of action shall accrue against a person under twenty-one years of age by reason of the assistance or care granted to him unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements, taking into account his maintenance, education, medical care and any other factors applicable to his condition."

Subsequently, the Legislature, recognizing that DSS was often frustrated in its attempts to recover the proceeds of a personal injury suit, added Social Services Law § 104-b (*see, Baker v Sterling, supra*, at 402). This statute provides: "If a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official not exceeding, however, the total amount of such assistance and care furnished by such public welfare official on and after the date when such injuries were incurred" (§ 104-b [1]).

In the jurisprudential development of this subject, an initial issue to emerge from the statutory amalgam concerned the interplay of Social Services Law § 104 (2) with section 104-b. That issue was addressed by *Baker*.

In *Baker*, DSS, seeking to enforce a lien against the settlement proceeds of an infant, argued that the restriction imposed by Social Services Law § 104 (2) was inapplicable. This, it was urged, flowed from Social Services Law § 104-b which, in permitting DSS to assert a lien against the proceeds of a settlement, made no distinction between infants and adults. Thus, it was DSS's position that section 104-b created a right of recoupment independent of section 104 and the infancy restriction contained therein (*supra*, at 403). The Court, disagreeing with DSS, concluded that section 104 (2) limited DSS's right to recoupment.

In so concluding, the Court noted that section 104-b was purely procedural, that is, the lien authorized by the statute merely related to the remedy, rather than the right of recoupment (*supra*, at 405). This being so, "the scope of the remedy is governed by the terms of the statute creating the right," which was section 104 with its restriction on recovery relating to infants (*supra*, at 405). Accordingly, notwithstanding the authority section 104-b granted to DSS to place a lien on a plaintiff's personal injury action, section 104 (2), which governed the right of recoupment, was controlling.

The significance of *Baker* finding section 104 (2) controlling was that it permitted DSS to recoup only those settlement sums attributable to past medical expenses. In this regard, since a personal injury award, as opposed to an award for medical expenses, simply compensates an infant for his loss by providing a fund to satisfy his anticipated needs occasioned by the injury, "[b]y definition this fund can never be considered 'money or property in excess of his reasonable requirements'" within the meaning of section 104 (2) (*Baker v Sterling, supra*, at 405-406). Stated otherwise, such a fund would not be subject to recoupment by DSS.

Thus, if *Baker* was the last word on the subject, the inescapable conclusion would be that Social Services Law § 104 (2) bars enforcement of DSS's lien in this case where no part of the settlement was attributable to past medical expenses. *Baker* was not, however, the last word on the subject as both the Legislature and courts have found a repeated need to revisit this area.

Subsequent to the Court's decision in *Baker*, the Legislature enacted Social Services Law § 366 (4) (h) (1) and § 367-a (2) (b)

(L 1981, ch 319, § 1 [as renum by L 1985, ch 42, § 17], § 2). Pursuant to section 366 (4) (h) (1), a recipient of medical assistance from DSS is required to assign to DSS the right to seek reimbursement from a responsible third party. More specifically, section 367-a (2) (b) provides that: "Any inconsistent provision of this chapter or other law notwithstanding, upon furnishing assistance under this title to any applicant or recipient of medical assistance, the local social services district or the department shall be subrogated, to the extent of the expenditures by such district or department for medical care furnished, to any rights such person may have to medical support or third party reimbursement."

These enactments laid the groundwork for the next judicial development in this area by the Court of Appeals in *Cricchio v Pennisi* (90 NY2d 296, *supra*). In *Cricchio*, the Court was asked to decide whether a Medicaid lien placed pursuant to Social Services Law § 104-b on the proceeds of a personal injury settlement must be satisfied before the funds may be transferred to a supplemental needs trust. Relying by analogy upon *Baker v Sterling (supra)*, the plaintiffs apparently argued, *inter alia*, that Social Services Law § 104 (3) precluded DSS from enforcing its lien. This section, similar to section 104 (2) with its limitation on recovery against a person under age 21, prohibits an action by DSS to recover medical expenditures against a supplemental needs trust or its trustee.

The Court, rejecting plaintiffs' argument, observed that, in *Baker*, DSS's right to recovery emanated from Social Services Law § 104 and thus its right to recover was subject to the limitation imposed by section 104 (2) (*Cricchio v Pennisi, supra*, at 307, n 4). The Court continued, stating "[b]y contrast [in this case] the right to recover from responsible third parties * * * is not derived from section 104, but rather from the assignment, subrogation, and recoupment provisions created by * * * Social Services Law § 366 (4) (h) (1) and § 367-a (2) (b). Accordingly, any limitations found in section 104, including the section 104 (3) prohibition on actions by DSS against a supplemental needs trust for reimbursement, are not relevant here" (*supra,* at 307, n 4).

Two rules, each the inverse of the other, are compelled from a juxtaposition of *Baker* and *Cricchio*: where the right to recovery is rooted in Social Services Law § 104, the limitations of subdivisions (2) and (3) of section 104 may act as a bar to DSS's right to recovery; where, however, the right to recovery has its roots in some other statutory provision, the limitations found in section 104 are irrelevant.

Applying these rules to the instant case would mean that, since DSS's right to assignment, subrogation, and recoupment emanates from Social Services Law § 366 (4) (h) (1) and § 367-a (2) (b),[1] by a parity of reasoning with *Cricchio*, the limitation with regard to a person under the age of 21 found in section 104 (2) is not controlling (*see, Gold v United Health Servs. Hosps., supra*).

*Cricchio* and its logical implications do not, however, complete the analysis of what approach is warranted in our case. The reason is that while it is true that *Cricchio* established the principle that a Medicaid lien must be satisfied before funding a supplemental needs trust, it did not address how much of the settlement proceeds were available to satisfy the lien, i.e., the entire proceeds or only the portion properly allocable to past medical expenses.

This question, which *Cricchio* specifically left open, was directly addressed by *Calvanese v Calvanese* (93 NY2d 111, *supra*). In *Calvanese*, after analyzing the relevant Federal and State provisions, the Court distinguished its prior decision in *Baker v Sterling* (which permitted DSS to recoup only from that portion of the settlement proceeds allocable to past medical expenses) and found that DSS could enforce its lien against the entire settlement proceeds, irrespective of any possible allocation. The Court noted, as it had previously done in *Cricchio*, that DSS' right to recoupment did not derive from Social Services Law § 104, but from sections 366 (4) (h) (1) and 367-a (2) (b), which contain no restrictions on recoupment (*supra,* at 121).

Notwithstanding the Court's analysis in *Calvanese* and its logical implications, plaintiffs assert that the rule enunciated in *Baker* remains controlling here. According to plaintiffs, while *Calvanese* makes the entire settlement proceeds of an adult available to DSS, its discussion of and citation to *Baker* shows that it did not intend to extend that rule to persons under 21 years of age. We cannot agree.[2]

To be sure, *Calvanese* did not expressly reject *Baker*. It did, however, unequivocally change the focus of the analysis in

---

**1.** We attach no significance to the fact that DSS's lien notice states that its lien is made pursuant to sections 104 and 104-b. DSS's characterization of its lien has no bearing on the actual source of its right to recoupment, which is found in sections 366 (4) (h) (1) and 367-a (2) (b) of the Social Services Law.

**2.** We also reject plaintiffs' assertion that *Matter of Thurston v Durose* (76 NY2d 683) calls for a contrary conclusion. Although this case was decided after the enactment of sections 366 (4) (h) (1) and 367-a (2) (b), the parties did

these situations. Where DSS's right of recoupment comes from sections 366 (4) (h) (1) and 367-a (2) (b), the limitations of Social Services Law § 104 do not apply. It follows that in our case, where there is a right to recoupment emanating from sections 366 (4) (h) (1) and 367-a (2) (b), DSS has a right to recoup its lien from the entire settlement fund.

Finally, the conclusion we reach today, namely, that DSS may assert its lien against the entire settlement proceeds of a plaintiff less than 21 years of age, is consistent with the Social Security Act, which established the Medicaid program—a jointly funded Federal and State program (*Cricchio v Pennisi, supra*, at 304). As noted by the *Cricchio* Court, our State's Medicaid program must conform with Federal statutory and regulatory guidelines in order to receive Federal program funding (*supra,* at 305). Primary goals of the Medicaid program, as established by Federal directives, are that it remain the payer of last resort and that third parties who bear liability for medical care rendered to program recipients reimburse the program for that care (*supra,* at 305, 309). The requirement that the Medicaid program comply with Federal mandates and be the payer of last resort is equally compelling whether the recipient is under 21 years of age or an adult. Thus, in the absence of any authority indicating otherwise, there is no basis to adopt plaintiffs' position and judicially recognize a distinction between adults and individuals less than 21 years of age when assessing DSS's right to recoupment.

Accordingly, the order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about July 6, 1998, which vacated DSS's lien on plaintiffs' recovery, should be reversed, on the law, without costs, the motion to vacate the lien denied, and the case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.

MAZZARELLI, J. (dissenting). The infant plaintiff received $140,000 in settlement of a personal injury action for lead paint poisoning. The parties did not allocate any portion of this amount to reimburse past medical expenses. Contrary to the majority's position, I would find that pursuant to the holding in *Baker v Sterling* (39 NY2d 397), Social Services Law § 104 (2) precludes DSS from recouping its $12,857.06 Medicaid lien from the settlement. Social Services Law § 104 (2) provides: "No right of action shall accrue against a person under twenty-

---

not address the relationship of these sections to section 104. Moreover, *Thurston* did not involve an attempt by DSS to recover from a minor.

one years of age by reason of the assistance or care granted to him *unless at the time it was granted the person was possessed of money and property in excess of his reasonable requirements*, taking into account his maintenance, education, medical care and any other factors applicable to his condition." (Emphasis supplied.)

In *Baker*, the Court of Appeals concluded that when a Medicaid recipient is younger than 21, only that portion of a settlement allocated to past medical expenses is "in excess of * * * reasonable requirements" pursuant to Social Services Law § 104 (2), and thus subject to recoupment by DSS (*Baker v Sterling, supra*, at 406). Two later Court of Appeals decisions, *Cricchio v Pennisi* (90 NY2d 296) and *Calvanese v Calvanese* (93 NY2d 111, *cert denied sub nom. Callahan v Suffolk County Dept. of Social Servs.*, — US —, 120 S Ct 323), defined DSS's recoupment rights more expansively with respect to adult plaintiffs, but both decisions specifically reaffirmed the principle articulated in *Baker*, that Social Services Law § 104 is the statute which creates the agency's right to recoup payments from an infant, subject to the limitations set forth in section 104 (2) (*see, Cricchio v Pennisi, supra*, at 307; *Calvanese v Calvanese, supra*, at 120). Moreover, the Third Department's contrary holding in *Gold v United Health Servs. Hosps.* (261 AD2d 67), interpreting Social Services Law § 366 (4) (h) (1) and § 367-a (2) as superseding *Baker*, conflicts with *Calvanese*, which was also decided after these statutes were enacted.

In a situation where the amount of a settlement itself indicates an intent to reimburse past medical expenses, remand for a hearing would be appropriate to determine the agency's right to recoupment (*see, Baker v Sterling, supra*, at 407; *compare, McClenahan v Farber*, 247 AD2d 449, 450 ["In light of the $5,000,000 settlement amount, it is almost inconceivable that no part of the settlement proceeds was attributable to past medical expenses"], *with Temple v Doran*, 181 Misc 2d 637 [hearing not required where settlement amount is relatively small, and medical proof indicates that plaintiff suffers from serious, permanent injuries]). Based upon the facts presented, however, I would find that Social Services Law § 104 (2) requires that the agency's lien be vacated.

SULLIVAN, P. J., NARDELLI and WALLACH, JJ., concur with FRIEDMAN, J.; MAZZARELLI, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered on or about July 6, 1998, reversed, on the law, without costs, the

lienholder's motion to vacate the lien denied, and the case remitted to Supreme Court, New York County, for further proceedings in accordance with this Court's opinion.