*192 OPINION OF THE COURT
Anthony F. Shaheen, J.
The facts of this infant’s personal injury action are very familiar to this court, but it is unnecessary to recite them for the purposes of this motion. The facts on this motion are uncontested.
After several years of litigation, this court signed a final order on August 4, 1999, settling this case against the three corporate defendants for a total of $1,300,000, of which $751,979 will be used to purchase an annuity contract with periodic lump-sum payments to the infant until he turns 40 years of age, as well as monthly payments for life. Prior to this settlement, Department of Social Services (DSS) had asserted a lien of $97,867.21, for Medicaid payments made on behalf of the infant. However, after reviewing the underlying charges, plaintiiFs counsel controverted the amount of this lien on the grounds that some of the medical expenses were unrelated to this personal injury action. After plaintiffs counsel provided DSS with a detailed letter as to each and every expense being challenged, along with the reason for each challenge, DSS conceded to plaintiiFs challenge and agreed , to reduce their Medicaid lien to $89,773.28, as requested by plaintiffs counsel. This sum of money has been placed in an interest-bearing account, pending this motion to determine the validity of the county’s lien.
Plaintiff now brings a special proceeding to vacate this Medicaid lien, alleging that DSS is only entitled to reimbursement of settlement monies which are attributable to an infant’s past medical care and expenses, and since the whole amount of the $1.3 million proceeds are attributable to pain and suffering, DSS has no entitlement to a lien. Plaintiff relies on Social Services Law § 104-b (which gives DSS a lien when a recipient of public assistance and care has a personal injury action), and the 1976 case of Baker v Sterling (39 NY2d 397 [Apr. 8, 1976]) in which the Court of Appeals held that when DSS seeks recovery from an infant for public assistance received, no lien will attach unless the infant possessed money or property in excess of his needs.
The Department of Social Services opposes this petition and cross-moves to dismiss it, as a matter of law, for failure to state a cause of action. More specifically, DSS asserts that they are not seeking to recover for public assistance payments made to this infant under Social Services Law § 104-b, but rather, *193 they are seeking to recover for Medicaid payments made on behalf of this infant; and the authority for their Medicaid lien derives from Federal law (i.e., 42 USC §§ 1396a, 1396k) and from Social Services Law § 366 (4) (h) (1) and § 367-a (2) (b), not from Social Services Law § 104 as asserted by plaintiff.
The court has carefully reviewed the statutes and case law cited by the parties, and conducted its own research into this question. The lien in this case involves only Medicaid payments, and not any payments for other forms of public assistance. Medicaid is a jointly funded Federal and State medical assistance program which was established by title XIX of the Social Security Act (42 USC § 1396 et seq.) and is specifically implemented in New York State by article 5, title 11 of the Social Services Law, including sections 366 and 367. The legislative purpose of the Medicaid program is to pay for necessary medical care for individuals whose income and resources are insufficient to meet the costs of their medical care; however, the Legislature further intended that the Medicaid program remain “the payor of last resort” (see, Cricchio v Pennisi, 90 NY2d 296, 305-306 [Mar. 25, 1997], and cases cited therein). To that end, both the Social Security Act and article 5 of the Social Services Law contain provisions for recoupment of Medicaid payments from responsible third parties by authorizing DSS to place a lien on personal injury claims (42 USC § 1396k [a]; Social Services Law § 366 [4] [h] [1]; see, Calvanese v Calvanese, 93 NY2d 111, 117, cert denied sub nom. Callahan v Suffolk County Dept. of Social Servs., 528 US 928; see also, Cricchio v Pennisi, supra). The Court of Appeals in Calvanese further held that nowhere in the elaborate statutory scheme governing this area of the law is the agency’s right of recovery restricted to only certain settlement proceeds (supra, at 118). In fact, once DSS has furnished Medicaid assistance to a person, the agency is subrogated to any rights the person may have to third-party reimbursement, and for any benefits which may be available to the person from that third party (Calvanese v Calvanese, supra). Once a Medicaid lien is in effect, neither the court, nor the Medicaid recipient in conjunction with the responsible third party, is allowed to compromise that Medicaid lien by allocating settlement proceeds to specific categories of damages, unless a DSS official agrees to release and discharge that lien (Calvanese v Calvanese, supra). Clearly then, plaintiffs claim that the entire $1.3 million in settlement proceeds should be allocated to pain and suffering is not supported by case law and is contrary to *194 statutory mandate. The allocation of funds in such a manner would divert third-party resources from DSS “and weaken the subrogation provisions of State and Federal law, thereby jeopardizing the ultimate goal of Medicaid to be the “payor of last resort” (Calvanese v Calvanese, supra, at 119).
Moreover, the court does not agree with plaintiffs claim that Baker v Sterling (39 NY2d 397, supra) requires a different result, simply because Dustin Pack is an infant. The Court of Appeals in Cricchio v Pennisi (supra, at 307, n 4), distinguished its holding in Baker, and explained that since the welfare officials in Baker were seeking to recover funds from an infant public assistance recipient, their right to recover was created by Social Services Law § 104 and was subject to the limitations imposed by that section. By contrast, under the facts of this Pack case (just like in the Cricchio v Pennisi case), DSS’s right to recover from the responsible third parties is not derived from Social Services Law § 104, but rather from the assignment, subrogation and recoupment provisions which are specific to Medicaid under Federal and State law. As such, any limitations set forth in Social Services Law § 104, concerning non-Medicaid benefits to persons under the age of 21, have no relevance to this case, and are not a bar to recovery of this lien by DSS.
During oral argument at Special Term, petitioner’s counsel further asked this court to reduce the lien by an amount equivalent to the costs of litigation, based on the authority of 42 USC § 1395y (b) (2) and 42 CFR 411.37 (a) and (c) (1). The court has reviewed this statute and regulation, and finds them to be nonpersuasive, since they specifically deal with Medicare payments, not with Medicaid payments which are the subject of the matter before this court.
For these reasons, plaintiffs petition to vacate or reduce the DSS Medicaid lien is denied, and the Department of Social Services’ motion to dismiss this petition is granted, without costs to either party. The funds currently being held in an interest-bearing account pending the outcome of this matter shall be turned over forthwith to the Department of Social Services, along with all accrued interest thereon.