OPINION OF THE COURT
David I. Schmidt, J.
Plaintiffs move for an order deeming an alleged lien asserted by nonparty Department of Social Services of the City of New York (DSS) against the proceeds of the infant plaintiffs recovery herein “extinguished and waived.”
On November 22, 1999, the infant plaintiff was diagnosed with lead poisoning. Thereafter, his mother commenced the instant action on his behalf against the owner of the premises where they resided. Subsequently, plaintiffs received a notice from DSS that it was asserting a Medicaid lien against any recovery in this action up to the amount of $41,037.64. At a mediation session on April 28, 2003, a settlement agreement was reached between plaintiffs and defendant, pending the court’s approval.
In support of their motion, plaintiffs initially claim that, with the exception of a few clinic visits, none of the expenses in the notice of lien are related to the infant’s lead poisoning. Instead, plaintiffs claim, the services arose from the infant’s premature birth and complications therefrom, including anemia and lung disease. Plaintiffs further note that the infant was never hospitalized for treatment of his lead poisoning. Plaintiffs further argue that most of the expenses in the notice of lien are for educational services and related speech, physical and occupational therapy (provided by the League Treatment Center, also known as the League School) which are required to be available free of charge under the New York State Constitution, Education Law § 4401 (2) (k) and 20 USC § 1401 (8).
In opposition, DSS claims that the record does not support plaintiffs’ assertion that the relevant services are unrelated to the infant plaintiffs lead poisoning. DSS asserts that plaintiff Christine Lowery testified that the infant was healthy when he was discharged from the hospital shortly after his birth. DSS also maintains that expenditures in connection with services provided by the League School are recoverable since the State of New York has not specifically provided that such services are exempt from any Medicaid recovery.
The Medicaid medical assistance program, administered in New York by DSS, is jointly funded and implemented by both *164 the federal and state governments. The State acquires the rights of any individual to payment for any health care services and “will take all reasonable measures to ascertain the legal liability of third parties ... to pay for care and services available” (42 USC § 1396a [a] [25] [A]; see also Social Services Law § 363 et seq.). DSS is responsible for the imposition of liens, such as Medicaid liens, and the recovery of them (Social Services Law §§ 104-b, 367-a). The full settlement resulting from a personal injury case is subject to recoupment by DSS from the responsible third party (Calvanese v Calvanese, 93 NY2d 111 [1999]). However, not every health care expense is recoverable. A child with disabilities is entitled to a free education designed to meet special needs, including related services (NY Const art XI; 20 USC § 1400 et seq.). Some related services include speech pathology, physical and occupational therapy, and counseling rehabilitation (Education Law § 4401 [2] [k]).
DSS does not deny that the League School is a learning institution for disabled children. Instead, DSS argues that the State of New York has designated the health care services that are related to special needs education and has also instructed DSS to not pursue Medicaid lien recovery for those services. DSS concludes that any service that was not so designated (as evidenced by an internal rate code) is therefore recoverable.
The court finds DSS’ argument to be without merit and the State’s internal classification of health care services to be irrelevant. DSS has not demonstrated that the services billed by the League School were not those enumerated in the applicable statutes (Education Law § 4401 [2] [k]). Since DSS has failed to do so, the court finds that the services attributable to the League School are “related services” designed to meet the infant plaintiff’s special needs. The State is thus prohibited from charging plaintiffs for such services.
DSS’ reliance on Cricchio v Pennisi (90 NY2d 296 [1997]) is misplaced. The Court in Cricchio held that a plaintiff recovering for personal injuries could not prevent the New York State Department of Social Services from recovering against the award or settlement by placing the funds in a supplemental needs trust pursuant to EPTL 7-1.12. The issue of what health care services are related to a special needs education was not decided. Accordingly, the portion of the alleged lien relating to expenses attributable to the League School is extinguished.
However, the court finds that an issue of fact exists with respect to the remaining items of health care service. Christine *165 Lowery testified at her examination before trial that the natal intensive care physician who treated the infant plaintiff informed her that the infant was a normal, healthy baby when he was discharged. Such testimony apparently contradicts the position advanced by plaintiffs in their motion that the infant plaintiff’s subsequent medical care was wholly related to neonatal complications. Issues of credibility may not be resolved summarily (see e.g. Krupp v Aetna Life & Cas. Co., 103 AD2d 252 [1984]). The court thus declines to address those charges in the lien notice which are unrelated to the League School.