OPINION OF THE COURT
Herbert Kramer, J.
*338 Plaintiff, by order to show cause directed to the Department of Social Services (DSS), seeks to vacate a Medicaid lien asserted in this action which was initiated for injuries sustained by plaintiffs decedent while a patient in the defendant nursing home’s care.
The claim for damages for conscious pain and suffering is predicated, in part, upon the defendant’s alleged violation of Public Health Law § 2801-d which creates a private right of action for patients of residential health care centers. The controversy surrounds the interpretation of subdivision (5) of this provision which, according to the plaintiffs interpretation, affords a waiver of Medicaid liens for any recovery had under this statute.[1] The parties agree that the first clause in subdivision (5) prevents a damage award from rendering the patient ineligible to receive future Medicaid benefits, thus assuring that successful litigation does not become a pyrrhic victory.
What is in dispute is the language of the second half of subdivision (5) which provides that the damage awards “shall neither be taken into consideration nor required to be applied toward the payment or part payment of the cost of medical care or services available under said title eleven.” Both plaintiff and the Department of Social Services would have us read this language as vitiating any lien upon payments made by the Medicaid program for past medical services. The difference between their views is that DSS would find a waiver for living plaintiffs only and the plaintiff argues that it applies in death cases as well. This court disagrees with both positions.
The plain language of this provision is cast in terms of future performance and serves to insure that the patient, who will remain eligible for Medicaid even after being awarded damages, will be able to use that Medicaid coverage to pay for present and future medical costs instead of having to use the award to take care of current bills.[2] This interpretation places the patient in no worse position than any other Medicaid recipient who has *339 received a damages award and must satisfy a Medicaid lien from its proceeds. This circumstance is not uniquely tied to the challenges that a nursing home patient faces in suing a nursing home and thus unsurprisingly is not ameliorated in this provision.
Further, and as significantly, reading this provision as effecting a waiver of the Medicaid lien places it in direct conflict with the body of legislation contained in title 11 of article 5 of the Social Services Law. This piece of legislation authorizes the Department of Social Services to collect Medicaid payments from damage awards (Social Services Law § 367-a [2] [b]), and provides a procedural mechanism for the fixing of liens on such property. (Social Services Law § 104-b.) In conjunction with federal mandates, it insures that Medicaid is “ ‘the payor of last resort’.” (Cricchio v Pennisi, 90 NY2d 296, 305-306 [1997].)
This statutory scheme has come under close scrutiny in recent years and has been interpreted as granting a virtually unassailable right to the DSS to collect Medicaid payments due it.[3] Thus, in Cricchio (supra), the Court of Appeals held “that the Department of Social Services is entitled to satisfy a Medicaid lien placed on the proceeds of a personal injury settlement pursuant to Social Services Law § 104-b before a plaintiff may transfer those funds to a supplemental needs trust.” (Calvanese v Calvanese, 93 NY2d 111, 115 [1999].) In Calvanese, the Court decided the question left open in Cricchio holding that “the entire amount of a personal injury settlement [is] available to satisfy a Medicaid lien.” (Id. at 116.)
To the extent that the Administrative Directive of the Department of Health (02 OMM/ADM-3)[4] interprets Public Health *340 Law § 2801-d (5) to effect a waiver of Medicaid liens upon damages recovered under this provision, such directive is “out of harmony” with the above-cited provisions of the Social Services Law, “contravene[s] the will of the Legislature” (Weiss v City of New York, 95 NY2d 1, 5 [2000]), and cannot be deemed to provide a lawful interpretation of the disputed provision.
In conclusion, this court holds that Public Health Law § 2801-d (5) does not effect a waiver of Medicaid liens asserted in actions instituted under this statute. The Medicaid lien herein asserted is effective as to the entire recovery for conscious pain and suffering regardless of what theory of recovery in which it is grounded.[5]
The motion to vacate the lien is denied.

. Public Health Law § 2801-d (5) recites in pertinent part: “The amount of any damages recovered by a patient, in an action brought pursuant to this section shall be exempt for purposes of determining initial or continuing eligibility for medical assistance under title eleven of article five of the social services law and shall neither be taken into consideration nor required to be applied toward the payment or part payment of the cost of medical care or services available under said title eleven.” (Emphasis added.)

. The language of this clause does not support an interpretation that allows it to both vacate the Medicaid lien for past expenditures and relieve the patient of the obligation to pay for future expenditures from the award money. *339 If this clause is read so as to cancel out past due indebtedness, rather than future obligations, the first part of this provision will be rendered nugatory. It will not matter that the patient is eligible for Medicaid if in fact he or she is required to spend down this award money before being able to take advantage of the Medicaid program.

. Notably the provisions themselves herald their priority status. Social Services Law § 367-a (2) (b), the subrogation provision, begins with the words “Any inconsistent provision of this chapter or other law notwithstanding.” Similarly, Social Services Law § 366 which supplements the subrogation provision by requiring a Medicaid recipient to assign to a social services official any benefits available to him from any third party uses this selfsame language.

. Administrative Directive (02 OMM/ADM-3 [FV] [C] [3] <www.wnylc.net/ pb/does/02OMMADM-3.pdf> [accessed Dec. 22, 2003]) provides in pertinent part: “No lien should be imposed, and no recovery should be made during the *340 lifetime of the recipient, if the recipient’s personal injury action is against a nursing facility. Public Health Law Section 2801-d (5) provides, in part, that any damages recovered by the recipient in such an action must not be required to be applied toward the payment or part payment of the cost of medical care and services under the Medicaid program. In addition, such funds would not be counted as a resource. However, upon death such funds may be recoverable from the estate.”

. As to the wrongful death claim and any recoveries had thereunder, there might be a different result. (Matter of Maier, 178 Misc 2d 1061 [Sur Ct, Nassau County 1998].) However, this is a matter not ripe for determination at the present time.